## FRANK L. CARPENTER v. ISRAEL V. HARRIS.

*Guardians and administrators—Possession of ward's land—Guardian's bond—Summary proceedings for possession—Form of complaint—Arrest—Procedure.*

| | |
|---|---|
| 51 | 223 |
| 76 | 86 |
| 51 | 223 |
| 119 | 674 |
| 51 | 223 |
| d126 | 319 |
| 126 | 320 |

An administrator's forcible ouster of a guardian from the possession of the real estate of heirs who are his wards cannot be legalized by facts occurring after the proceedings were begun.

Proceedings to recover possession of land, when taken by a person claiming to be guardian by appointment of the probate court, are of no importance if the showing of authority as guardian gives no proof of the jurisdiction of the court to grant it.

Where a testator made his wife and another person executors and declared that the wife, and on her death, the other executor should be sole guardian, and farther provided that the executors "and the guardian" should not be required to give-bond, it was *held* that this covered the guardianship of the other executor.

Act 7 of 1877 provides that where a wife survives her husband, his appointment, by will, of a guardian for minor children shall not be operative until approved by the judge of probate after giving opportunity to the mother to show cause in opposition to it. *Held,* that this provision is not meant to allow an appointment to be defeated by the death of the mother before probate unless some good reason exists. The objection to the appointment is to be made in the probate court when the will comes up for probate; and if the wife has not otherwise objected and if no affirmative objection is made, the appointment must stand with the rest of the will.

The failure to give bonds, by a person appointed guardian of minors, does not of itself vacate his appointment.

In summary proceedings by a guardian to recover possession of the lands of his wards, a complaint was *held* sufficient which stated that complainant was sole testamentary guardian of certain minors, who were named, being duly nominated as such in their father's last will which had been duly probated; that at a certain date he was in quiet and peaceable possession of certain described lands; that on that date defendant entered said premises and unlawfully holds them and holds complainant out of possession by force, contrary to statute; and that at the time of said entry complainant was and ever since has been and still is well entitled to the same, and that he prays to be restored to possession.

Complainant in summary proceedings to recover possession of land can

resort to a summons instead of a warrant, and his course in doing so, where safe and practicable, is approved.

The arrest of defendant in summary proceedings to recover possession is not approved where some other course is allowable and where the arrest is not essential to complainant's security.

Error to Ottawa.  (Arnold, J.)  June 21.—July 2.

Forcible detainer.  Defendant brings error.  Affirmed.

*Norris & Uhl* for appellant.  As to the insufficiency of the complaint for want of essential facts: *Bryan v. Smith* 10 Mich. 229; *Allen v. Carpenter* 15 Mich. 32.

*Frank L. Carpenter*, in person, for appellee.

Campbell, J.  This was a special proceeding to aid a. guardian in resuming possession of real estate of his wards, from which he had been forcibly ousted by an administrator of their deceased mother.  The case was tried below upon the supposition, on the part of defendant, that the Act of 1881, giving possession in certain cases to executors and administrators, was retroactive, and the removal to this Court seems to have been made in ignorance of the decision of *Van Fleet v. Van Fleet* 49 Mich. 610, which had not then been published.  The court below properly held that in this case the possessory rights of the heirs were superior to those of the administrator.

The ouster, which was maintained, in legal contemplation, forcibly, cannot be legalized by matter arising after this proceeding was commenced.  But as neither the showing of general nor of special guardianship in defendant contained any indication of proof of jurisdiction in the court which assumed to grant the authority, these proceedings. are not of any importance.

The only really important question presented relates to the authority of complainant, for if that existed, all of the other matters cease to have force on the record as it stands.

Complainant was appointed guardian of the minors by their father's will.  Myron Harris, the father of these in-

fants, made his will August 23d, 1880, and died on the 1st of September. His wife, Miriam, who owned the land in question, died soon after, on the 13th of September. The will contained this clause: "I hereby nominate and appoint said Miriam Harris, and upon her death said Frank L. Carpenter, sole guardian of said minor daughters." The will also declared that the executors (of whom Carpenter was one) and the guardian should not be required to give bond. We have no doubt this covered Carpenter's guardianship.

It is claimed that inasmuch as the mother survived the father, the appointment was not valid without the consent of the mother. The statute which gives the father full power to appoint, was so amended in 1877 as to contain this proviso: "That when the mother of such children shall survive the father, the appointment of guardian by such will shall not be operative until approved by the judge of probate, and after opportunity afforded to the mother to show cause in opposition thereto."

The object of this provision was undoubtedly to save the mother, who is entitled to the personal care of children, from being obliged to deal with an obnoxious person, to whom she can oppose any sufficient objection. But the statute contemplates that this objection shall be made in the probate court, and it cannot be made until the will comes up for probate. If the mother dies before probate, and has made no objection otherwise, the probate of the will, including the clause of appointment, must stand; at least, until some affirmative objection is made for the removal of the guardian. We do not think the statute was designed to produce the defeat of such a testamentary choice by the death of the wife before probate, or to allow the father's choice to be set aside without some good reason.

Whether the probate court should require bonds or not is not important now, because, as held in *Palmer v. Oakley* 2 Doug. (Mich.) 433, the failure to give bonds does not vacate the appointment of itself.

The technical objections to the proceedings are not main-

tainable.   We think the complaint * fully conforms to the statute, and there was no objection made directly or intelligibly on the record to its sufficiency.   The objection that a summons was issued instead of a warrant is not tenable, for the complainant has the right to resort to a summons, and is the only one who could be injured by its substitution for a warrant.   And in our opinion it is commendable to abstain from an arrest where any other practice is allowable, and where an arrest is not essential to the complainant's security.

The judgment was correct, and must be affirmed with costs.

The other Justices concurred.

---

* THE COMPLAINT.

COUNTY OF KENT.—SS.

Frank L. Carpenter, being duly sworn, makes complaint, and on his oath says: That he is the sole testamentary guardian, duly nominated as such in the last will of their father, which will has been duly admitted to probate, of Myra Harris, Lucy C. Harris, and I. Victoria Harris, minors, and only heirs of Myriam Harris, deceased; that heretofore, to-wit, on the 27th day of October, A. D. 1880, he was in the quiet and peaceable possession of the following described lands and premises situate in the township of Tallmadge, county of Ottawa, and State of Michigan, to-wit:   The southeast quarter ($\frac{1}{4}$) of section twenty-seven (27), in town seven (7) north, of range thirteen (13) west; and that on, to-wit:   The day and year last aforesaid, Israel V. Harris entered into the said premises and unlawfully holds the same and holds this complainant out of the possession thereof by force contrary to the statute in such case made and provided, and to the great disturbance of the people of the State of Michigan; and that this complainant at the time of said entry was and ever since has been, and still is well entitled to the same; wherefore he prays that he may be restored to the possession of the said lands and premises.

FRANK L. CARPENTER.

Subscribed and sworn to before me this 17th day of May, A. D. 1881.

WESLEY W. HYDE,

Notary Public, Kent County, Mich.