———o———

JOHN NORTON, GUARDIAN, ETC., v. CHRISTIAN D. OHRNS AND SARAH A. OHRNS.

[TWO CASES.]

*Guardian and ward—Spendthrift—Mortgage—Demurrer to foreclosure bill.*

1. On the death of a guardian of a spendthrift, the probate court has power to appoint a successor.

2. The guardian of a spendthrift is authorized to demand, sue for, and receive all debts due to his ward, which authority extends to the collection of moneys due upon bonds and mortgages.

3. The guardian of a spendthrift may bring suit in his own name, as guardian, to recover personal property belonging to or debts due his ward.

4. A mortgage given to the guardian of an incompetent person was conditioned for the payment of $100 per year during the life of the ward, as necessary for his support and to pay the expenses of the guardian, which sum was payable at the dwelling house on the (mortgaged) premises, on or before a given date, upon the written or verbal order of the guardian; and it was further provided that the amount of *each* payment not needed, and remaining unpaid after maturity, should draw interest until paid. In a bill filed by the guardian to foreclose the mortgage he alleged that a certain amount was due and unpaid, and under a general demurrer the defendants specified as one ground the want of an averment of the making of the required order by the guardian before filing the bill.

*Held*, that the objection was not available on general demur-
rer, and that if the money was not demanded at the place
where it was payable, and defendants had it there ready, the
only effect would be that the guardian might not be able to
recover costs against them.

Appeal from Macomb. (Stevens, J.) Argued November
9, 1887. Decided November 10, 1887.

Bill to foreclose a mortgage. Decree overruling general
demurrer for want of equity affirmed, and the record remand-
ed. The facts are stated in the opinion.

*A. L. Canfield,* for complainant.

*Henry Ohrns (T. M. Crocker,* of counsel), for defendants.

CHAMPLIN, J. This case comes before us upon demurrer
for want of equity to a bill filed by the complainant as guar-
dian of Ebenezer Hilliard to foreclose a mortgage given by
the defendants to George L. Phelps, guardian of Ebenezer
Hilliard, a spendthrift.

Phelps died, and complainant was appointed guardian by
the probate court to succeed him.

The reasons upon which the demurrer is based are stated in
the brief of counsel for defendants, as follows.

" 1. Because Phelps was a trustee, and after his death his
only proper successor would be some one appointed for that
purpose by the court of chancery to execute the trust.

" 2. Because Norton has not such an interest in the mort-
gage as to give him a standing in court as a complainant.

" 3. Because there is no averment in the bill that an order
of the guardian, either written or verbal, was made at the
dwelling-house on said premises, as required in the mortgage
described in the bill." [1]

We think the bill of complaint sufficient. Complainant's
appointment by the probate court was proper, and the statute
expressly authorizes the guardian to demand, sue for, and

---

[1] See head-note 4.

receive all debts due to his ward.  This authorizes him to collect moneys due upon bonds and mortgages.  *Livingston v. Jones,* Har. Ch. 165.  He may bring suit to recover personal property or debts due his ward in his name as guardian.

The third objection is not available on general demurrer. The bill alleges that a certain amount is due and unpaid.  If the money was not demanded at the place where it was payable, and defendants had the money there to pay it, the only effect would be that the guardian may not be able to recover costs against defendants.

The demurrer is overruled, and the record will be remanded for further proceedings in accordance with the rules and practice of the court.  The complainant will recover his costs.

SHERWOOD and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.