JOSEPHINE ENRIGHT, ADMINISTRATRIX OF THE ESTATE OF JAMES ENRIGHT, DECEASED, v. THE STANDARD LIFE & ACCIDENT INSURANCE COMPANY OF DETROIT.

*Accident insurance—Death of insured—Action on policy—Pleading —Parties.*

1. A wife, to whom the insurance provided for in a certificate issued to her husband was made payable, brought suit thereon as administratrix of her husband's estate. Her right to recover was denied, and the circuit judge ruled that she could waive her right to the fund in favor of the estate, and that, as the full merits of the case had been tried, the defendant could not be injured by such recovery; which ruling is sustained, the case being governed by *Peet v. Knights of Maccabees*, 83 Mich. 92.

2. While a more proper course might have been to permit an amendment of the declaration, still, under the authority of How. Stat. § 7636, the case may be treated as though the amendment had been made before judgment; citing *Smith v. Pinney*, 86 Mich. 484.

3. An insurance company issued an open policy to a railway company, covering such of its officers and employés as should be scheduled, and pay the premiums provided for. The insurance was to be paid to the assured in trust, for the benefit, in case of the death of the employé, of his heirs or assigns. The railway company required its employés to contribute from their monthly earnings sufficient to cover the risks to their several lives, and on their making payment the insurance company issued certificates, in which it was certified that the person insured, naming him, was insured for

a specified sum, under the conditions and agreements of the policy issued to the railway company, thereinafter called the 'assured.' In a suit by the administratrix of the estate of one of the employés on his certificate of insurance, the insurance company gave notice, under its plea of the general issue, that, if it ever executed the policy declared upon, it did so upon a written application of the deceased, in which the applicant agreed that in case of his death the insurance should be payable to his wife, naming her. And it is held that the circuit judge was justified in treating the contract as one made between the insurance company and the deceased, and as providing that in case of death the loss should be payable to his wife.

Error to Shiawassee. (Newton, J.) Argued March 3, 1892. Decided April 8, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*J. T. Keena* and *G. R. Lyon,* for appellant, contended:

1. It is clear, under the policy, that the defendant is the promisor and the railway company the promisee, and, while in general, the plaintiff must be the person from whom the consideration actually moves, where the promise is made directly to one person, although the consideration for the promise moves from another, the promisee is the proper plaintiff; citing 1 Chitty, Pl. 2-4; *Litchfield v. Garratt,* 10 Mich. 426; *Sisson v. Railroad Co.,* 14 Id. 495; *Insurance Co. v. Davenport,* 37 Id. 613; *Forrest v. O'Donnell,* 42 Id. 558; *Monaghan v. Insurance Co.,* 53 Id. 244.

2. If it were proper to bring this action in the name of the party having the equitable interest or right, it cannot be maintained by the plaintiff under the contract declared upon and the proof in the case. By the terms of the policy, in case of death, the parties in equitable interest are the heirs or assigns of Enright, and where a policy of life insurance is payable to the heirs or assigns of the insured, and is not assigned, the heirs are entitled to the insurance, and it does not go to the estate of the deceased; citing 13 Amer. & Eng. Cyc. Law, 651; *Mullins v. Thompson,* 51 Tex. 7; *Wilburn v. Wilburn,* 83 Ind. 55; *Weisert v. Muehl,* 81 Ky. 336; and the insurance is not an asset of the estate, and does not pass to the executor or administrator, but is payable directly to the person or class of persons named;

citing *Association v. Priest*, 46 Mich. 429; *Association v. Firnane*, 50 Id. 82; and the wife and child surviving Enright would be the heirs, within the meaning of the policy.

3. However closely two contracts may have been connected, a declaration on one cannot be made out by proof of the other; citing *Mining Co. v. Brady*, 14 Mich. 264; and a plaintiff cannot cause it to appear by his complaint that he sues in another's right, and insist at the hearing that he has sued for himself as well; citing *Lawson v. Kolbenson*, 61 Ill. 417.

*Watson & Chapman,* for plaintiff, contended:

1. The claim that the action should have been brought in the name of the railway company, as trustee, cannot be sustained, as the corporation had no right to engage in any such business as is contemplated by the agreement with the defendant; citing *Bank v. Niles*, 1 Doug. 401; *Davis v. Railroad Co.*, 131 Mass. 259; and every one who enters into a contract with a corporation is bound, at his peril, to take notice of the legal limits of its capacity; citing 4 Amer. & Eng. Cyc. Law, 207–209, and cases cited; *Orr v. Lacey*, 2 Doug. 230.

2. Corporations have such powers and capacities as are given to them, and none other; citing *Attorney General v. Bank*, Walk. Ch. 90, 1 Doug. 285; and grants of franchises are to be strictly construed; citing *McMillan v. Railroad Co.*, 16 Mich. 79; and they cannot act as trustees in relation to any matter in which they have no interest; citing *In re Howe*, 1 Paige, 214; *Trust Co. v. Carroll*, 5 Barb. 613; *Sloane v. McConahy*, 4 Ohio, 157; Boone, Corp. § 52.

3. There might be some force in the objection that plaintiff cannot recover in her representative capacity if defendant had not admitted by its plea that in the application it was agreed between James Enright and the defendant that, in case of death, the insurance should be payable to Josephine Enright, his wife. This notice is a binding admission on the part of the defendant that the insurance is payable to Josephine Enright; citing 1 Greenl. Ev. §§ 27, 171, 205; and admissions found in an unauthorized plea filed in justice's court may be considered and treated by the court in the nature of formal admissions made by the party upon the trial of the case; citing *Warder v. Willyard*, 46 Minn. 531; and a party is estopped, for the purpose of the action, by a material allegation or admission in a pleading, unless the pleading is withdrawn or amended; citing 7 Amer. & Eng. Cyc. Law, 2.

MONTGOMERY, J. The plaintiff sues as administratrix

of the estate of James Enright. The action is based upon a contract of insurance made between the defendant company and the Toledo, Ann Arbor & North Michigan Railway Company, and upon a certificate issued as supplemental to the contract directly to Enright. The contract between the two companies is in the form of an open policy of insurance, by the terms of which the insurance company insured the railroad company from month to month,—

"Covering such of its officers and employés as shall be entered in a schedule, and shall duly pay the premiums therein provided for their respective risks, against the effects of injury to the body caused by external, violent, and accidental means, within the meaning of this policy, its agreements and conditions printed or written thereon or on the back hereof, which cannot be waived or altered by any agent, as follows:

"*First.* It is agreed, if such injuries shall, within three months from the happening thereof, be the direct cause of the death of any such officer or employé, that this company will, within sixty days after receipt of satisfactory proofs of death and claim, pay the principal sum set opposite the name of such person in said schedule to the assured for the benefit of whom it may concern."

A further provision of the policy reads:

"It is agreed that all just claims accruing under the terms of this policy, whether for disability or death, shall be payable to said assured, in trust for whom it may concern, to wit, in case of disability, for the benefit of the injured person; or, in case of death, for the benefit of the heirs or assigns of the deceased."

The evidence shows that it was the custom of the railway company to require its employés to contribute from their earnings monthly sufficient to cover the risk to their several lives, and that on their making payment the defendant company issued certificates to them, which certificate to Mr. Enright reads as follows:

91 MICH—16.

"CERTIFICATE OF ACCIDENT INSURANCE.

"Certificate No. 1,262. Dated April 25, 1889. Monthly premium, $2.

"Principal sum in case of death, $1,500. Weekly indemnity, not exceeding 52 weeks, $7.50.

"Special provisions: In case of the loss of two hands or of two feet, or one hand and one foot, the insured will be paid the full principal sum as given above; or for the loss of one hand or one foot, one-third of said principal sum.

"The Standard Life and Accident Insurance Company of Detroit, Michigan, hereby certifies that Mr. James Enright is insured against the effects of accidental injury, under the conditions and agreements of its open policy, No. B 1,001, issued to the Toledo, Ann Arbor & North Michigan Railway of Toledo, Ohio, hereinafter called the 'assured,' for such sum in case of death, and such amount of weekly indemnity in case of disabling injury, as shall be provided in the schedule referred to in said policy: *Provided,* however, that if he shall fail to pay any monthly premium when due, or shall quit the service of the assured, said insurance shall immediately cease, and this certificate shall become null and void.

"D. M. FERRY, President.
"STEWART MARKS, Secretary."

It was also in evidence that the employé was required to make application to the insurance company on entering the employ of the railway company.

The defendant in the present case, under the plea of the general issue, gave notice as follows:

"That, if the defendant ever executed and delivered the policy declared on in this declaration, it was upon a written application of the said James E. Enright, which application is dated April 2, 1889, wherein and whereby the said James E. Enright agreed with said defendant that such insurance should be under the terms, and subject to all the conditions and limitations, of open policy number B 1,001, issued by said defendant to the Toledo, Ann Arbor and North Michigan Railway Co., and that the insurance in case of death should be payable to Josephine Enright, his wife."

A trial was had, and verdict for the plaintiff for $1,500.

The sole question raised on this appeal is whether the plaintiff was entitled to recover this insurance, suing in her character as administratrix. The learned circuit judge ruled that, as the defendant had by its notice stated that the application by Enright provided for payment to the wife, she might waive her right to the fund in favor of the estate, and that, as the full merits of the case had been tried, the defendant could not be injured by a recovery in the present case. We think this ruling should be sustained. It was held in *Peet v. Knights of Maccabees*, 83 Mich. 92, that, in a case where an administrator sues as such, recovery should be permitted if he is shown to be the only person entitled to participate in the fund, even though the action ought to have been brought by him in his individual capacity.

In this case the three instruments may well be considered together. It is true that under the terms of the original policy issued to the railway company the action, if any, would properly be brought in the name of the company, and the company would become trustee for the insured; but the certificate does not, in terms, provide that such payment shall be made to the company. On the contrary, it is provided that, in case of loss of two hands or two feet, or one hand and one foot, the insured will be paid the full principal sum stated in the certificate, and the insured referred to in that clause is evidently Mr. Enright. This is followed by a certificate that Mr. James Enright is insured against the effects of accidental injury. It is true that it contains no statement as to the person to whom payment shall be made in case of death, but the defendant's plea states that by the application, which would become a part of the contract, James E. Enright agreed with the insurance company that such insurance should be subject to all the

conditions and limitations of open policy No. B 1,001, and that the insurance in case of death should be payable to Josephine Enright, his wife.   While it is true that this plea, as well as the certificate, states that the insurance is subject to the conditions and limitations of the open policy, the plea cannot be construed as so far contradictory of the terms contained within itself as to mean that the insurance which is there asserted to have been made payable under the contract to Josephine Enright was in fact payable either to the heirs of the insured or to the railway company for his use.   Until there was a departure from the lines of the open policy, or a modification of such terms, the insurance was under its terms payable to the railway company.   It is not clear, however, that this was intended in cases where certificates were subsequently issued directly to the beneficiary, as was done in this case, particularly as the certificate in terms provided for payment to Enright in case of injury not resulting in death; but, if it be assumed that the death loss would still be payable to the railway company for the heirs of Enright, if the terms of the certificate and the open policy alone are considered, yet the agreement embodied in the application is conclusive that the terms of the open policy were in that respect departed from.

We think the circuit judge was justified in treating the contract as, one shown to have been made between the insurance company and the deceased, and as one providing that in case of death the loss should become payable to his wife, Josephine Enright.   This conclusion being reached, the case is ruled by *Peet v. Knights of Maccabees*, 83 Mich. 92.

While a more proper course may have been to have permitted an amendment to the declaration, still, under the authority of section 7636, How. Stat., the cause may

be treated as though the amendment had been made before the judgment. *Smith v. Pinney*, 86 Mich. 484.

The judgment will be affirmed, with costs.

The other Justices concurred.