REASON *v.* JONES.

1. PROBATE COURTS — APPOINTMENT OF GUARDIAN — SERVICE OF CITATION—PRESUMPTION OF JURISDICTION.

In the absence of evidence to the contrary, it will be presumed that the proof of service of the citation, in a proceeding for the appointment of a guardian, was sufficient to confer jurisdiction upon the probate court to make the appointment.

2. GUARDIAN AND WARD—SUIT TO CANCEL DEED.

Under 2 How. Stat. § 6323, providing that the general guardian of an incompetent shall represent his ward in all legal proceedings, unless another is appointed for that purpose, such guardian may sue to recover property which his ward has conveyed.

3. DEEDS—DELIVERY.

A deed duly signed and acknowledged, but handed to a third person to be placed with the grantor's papers, no delivery being intended, passes no title.

4. SAME—CANCELLATION—INCOMPETENCY OF GRANTOR.

A conveyance made by an incompetent person, detrimental to his interests, will be set aside, although active fraud or misrepresentation is not shown.

Appeal from Clinton; Daboll, J. Submitted November 22, 1898. Decided April 18, 1899.

Bill by Samuel Reason, by John M. Culp, his guardian, and Laura A. Reason, against Lafayette Jones and Maria H. Jones, to set aside a deed. From a decree for complainants, defendants appeal. Affirmed.

Complainants, Samuel and Laura Reason, are husband and wife, and owned a farm. Defendant Lafayette Jones owned certain lots in the village of St. Johns. About May 22, 1897, they exchanged properties. Soon afterwards Mr. Reason was declared incompetent by the probate court, and Mr. Culp appointed his guardian. Soon after this a

bill was filed to set aside the transaction on the ground of
the incompetency of Mr. Reason, and that the transaction
was prejudicial to his interests financially.    Issue was duly
joined, proofs taken in open court, and decree entered for
the complainants.

*Fedewa & Walbridge,* for complainants.

*Edwin H. Lyon,* for defendants.

GRANT, C. J. (*after stating the facts*).    1. It is con-
tended that the probate court did not acquire jurisdic-
tion to appoint a guardian for Mr. Reason, because the
citation was not served upon two of his children.    Per-
sonal service was had upon Mr. Reason, and upon the
citation was indorsed an admission of service on June
16, 1897, signed by his wife and four children.    Three
of them appeared.    It is contended that there was no
verification of the admission of service.    The judge of
probate was sworn upon this hearing, and testified that
this return of the officer, with the admission of service,
was the only proof of service that was filed in the case.
Whether any other proofs of service were introduced
upon that hearing does not appear.    The petition gave
the court jurisdiction to proceed with the case.    Of neces-
sity, the court had to pass upon the regularity of the
service.    Probate courts are courts of general jurisdiction,
and the regularity of their orders and decrees will be pre-
sumed, in the absence of evidence to the contrary.
*Church* v. *Holcomb,* 45 Mich. 39; *Morford* v. *Dieffen-
backer,* 54 Mich. 593.    See, also, *Norman* v. *Olney,* 64
Mich. 553; *Allured* v. *Voller,* 112 Mich. 357; *Averill* v.
*Jackson City Bank,* 114 Mich. 20; *Shroyer* v. *Rich-
mond,* 16 Ohio St. 455, 464.

2. It is next urged that the general guardian of an in-
competent person cannot maintain this suit, but that it
can only be prosecuted by a guardian *ad litem.*    2 How.
Stat. § 6316, confers upon such guardian the management

of all his estate. Section 6323 provides that he may also bring suit for all debts, etc., and that "he shall appear for and represent his ward in all legal suits and proceedings, unless where another person is appointed for that purpose as guardian or next friend." We think the power thus conferred is broad enough to entitle a guardian to maintain a suit to recover property which his ward was incompetent to convey away. See *Norton* v. *Ohrns*, 67 Mich. 612; *Carpenter* v. *Harris*, 51 Mich. 223; 9 Enc. Pl. & Prac. 929.

3. It is also claimed that Mr. Reason had executed and delivered to his wife a deed of the premises. He had signed and acknowledged such a deed, but it had never been recorded. The evidence was ample to show that he handed the deed to his daughter, after he had signed it, to be placed among his own papers, and that there was no actual delivery or intent to place the deed beyond his own control.

4. The court found that Mr. Reason was incompetent to make the agreement to execute the deed. The question was hotly disputed, and many witnesses were sworn on both sides. The judge appears to have decided the point mainly upon the testimony of the physician, apparently holding that the other testimony was inconclusive. We are not disposed to reverse this finding of the judge, who saw the witnesses. The testimony, also, as to the value of the two properties, is in direct conflict. The decree states that one reason for annulling the contract is that it was not in accordance with the best interests of Samuel Reason and his property rights. This necessarily involves the finding by the court that the property received by complainants was not equal in value to the property conveyed. There is no particular reason why this court should give credence to one set of witnesses any more than to another. Their appearance upon the stand, and the knowledge which the judge who saw them would thus obtain, would necessarily be of considerable weight in reaching a conclusion. We think it due to the defendants to say that the

record fails to show any active fraud or misrepresentation by them. They did not know the complainants until just before the contract was made, which was brought about by a third party. Where, however, a grantor is incompetent to make a contract, and has suffered financially in consequence, courts will set the transaction aside. *McWilliams* v. *Doran*, 103 Mich. 588; *Gates* v. *Cornett*, 72 Mich. 420.

Decree is affirmed, with costs.

The other Justices concurred.