SMITH *v.* COWLES

1. PLEADING—DECLARATION ON JUDGMENT—OMITTED AVERMENTS—
   NOTICE UNDER COMMON COUNTS.
   The omission, from the special count of a declaration upon a
   judgment, of averments necessary to characterize the judg-
   ment, is not aided by notice under the common counts that
   the judgment will be offered in evidence on the trial.

2. SAME—DEMURRER.
   A declaration upon a judgment, which fails to state the name
   of the plaintiff in the judgment, the date on which it was
   rendered, or that it remains in full force, is demurrable.

3. SAME—FAILURE TO DEMUR—OMISSION CURED BY VERDICT.
   Where a defendant fails to demur to a declaration on account
   of the omission of certain material averments, but pleads to
   the merits and proceeds to a trial of the issue, upon which
   proof of the omitted facts is necessarily made, the omission
   will be held cured by the verdict.

Error to Shiawassee; Smith, J. Submitted January 9,
1900. Decided February 20, 1900.

*Assumpsit* by Albert Smith, administrator of the estate
of Ellen E. Smith, deceased, against William Cowles,
upon a judgment. From a judgment for plaintiff on ver-
dict directed by the court, defendant brings error. Af-
firmed.

Plaintiff brought suit in *assumpsit* upon a judgment in
favor of Albert Smith and against the defendant, William
Cowles, rendered in the circuit court for the county of
Shiawassee on the 22d day of May, 1889, for the sum of
$465.26. The special count in the declaration recited
that:

"The said Ellen E. Smith became the owner by assign-
ment of a certain judgment in this court against said
defendant in the sum of $465.26 and accrued interest, of

which defendant, at the death of Ellen E. Smith, stood convicted, and the same had in no way expired or been paid, whereby, by reason of his trust as administrator, an action has accrued to this plaintiff to have and demand the payment of said judgment of said defendant, and claims damages, $1,000."

Attached to the declaration was the following:

"TO THE ABOVE-NAMED DEFENDANT: Take notice that on the trial of the above cause the plaintiff, under the money counts, will give in evidence a certain judgment rendered in this court in favor of Albert Smith, plaintiff, and William Cowles, defendant, in the sum of $465.26 and accrued interest."

The plea was the general issue. Upon the trial defendant's counsel objected to the introduction of any testimony under the declaration, for the reason that it failed to state a cause of action. The objection was overruled, and verdict and judgment passed for plaintiff. The alleged fatal defects urged against the declaration are:

"1. It does not state in what court the judgment was rendered.
"2. It fails to give the day of the month or the year when the judgment was rendered.
"3. It does not give the names of the plaintiff and the defendant in the suit in which the judgment was rendered.
"4. It fails to state that said judgment 'is in full force, and not reversed, annulled, or satisfied.'"

*John T. McCurdy*, for appellant.

*Albert L. Chandler*, for appellee.

GRANT, J. (*after stating the facts*). The notice given under the common counts cannot aid the special count. That count sets forth the amount of the judgment, the defendant, and the court in which it was rendered. It fails to give the name of the plaintiff and the date of the judgment, and to state that it is in force. The declaration is clearly defective, and the objection raised against it would have been good upon demurrer. For form of

declaration upon a judgment, see 1 Shinn, Pl. & Prac. 552. The defendant chose to plead the general issue. To sustain his contention, we must hold that the declaration states no cause of action. The cause of action stated is a judgment. The pleader has failed in describing this judgment as fully as good and careful pleading requires. Plaintiff could have amended upon the trial, and should have asked leave to do so. Appellate courts are authorized to amend declarations, where the issue is not altered by the amendment. 3 Comp. Laws 1897, § 10273; also see section 10272, subd. 7, and authorities cited. Under that statute this court will consider this amendment as now made. *Kean* v. *Mitchell*, 13 Mich. 207, is a case in point. The rule applicable to this case is there quoted and approved, and is as follows:

"Where there is any defect, imperfection, or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission is cured by the verdict at the common law." *Stennel* v. *Hogg*, 1 Saund. 228, note 1.

The judgment is affirmed.

The other Justices concurred.