OHRNS *v.* WOODWARD.

1. WILLS—TESTAMENTARY GUARDIANS—APPROVAL BY COURT—WAIVER OF OBJECTIONS.

A widow, by consenting to the probate of her husband's will appointing a guardian for his children, does not waive her right to object to the approval of the appointment, required of the probate court by 3 Comp. Laws, § 8706.

2. SAME.

The probate court may refuse to approve of the appointment of two testamentary guardians, on the ground that the ward's interests would not be properly subserved with two guardians who were distrustful of each other.

3. SAME—DISCRETION OF COURT.

An appellate court will not reverse the action of the probate court in refusing to approve of the appointment of a testamentary guardian, except in a case of a clear abuse of his discretion.

*Certiorari* to Wayne; Hosmer, J. Submitted October 7, 1903. (Docket No. 7.) Decided October 27, 1903.

Petition by Henry Ohrns for his appointment as testamentary guardian of Etta and Rosa Woodward, minors. The petition was denied in both the probate and circuit courts, and petitioner brings *certiorari*. Affirmed.

One Mills D. Woodward died testate April 5, 1898. Appellant, Ohrns, was his executor, and Mr. Ohrns and the widow, Louise Woodward, were made testamentary guardians of the estate of his two children. Controversies arose between Mr. Ohrns, the executor, and the widow in regard to her right to take her share under the statute or under the will. An appeal from the probate of the will by the probate court was taken to the circuit court. While the suit was pending there, the differences were amicably settled by agreement. Mrs. Woodward was

allowed to take under the statute, and the probate of the will was affirmed. Subsequently Mr. Ohrns applied to the probate court to be appointed testamentary guardian. A hearing was had before the judge of probate, and his petition denied. Thereupon he appealed to the circuit court, and the decision of the probate court was affirmed. He thereupon appealed to this court.

*James H. Pound,* for appellant.

*Dohany & Dohany,* for appellee (Louise Woodward).

GRANT, J. (*after stating the facts*). The statute provides that every father may by his will appoint a guardian or guardians for his children. The statute contains a proviso that, when the mother of such children shall survive the father, the appointment of such guardian shall not be operative until approved by the judge of probate, and after opportunity offered to the mother to show cause in opposition thereto. 3 Comp. Laws, § 8706. The widow appeared and objected. A hearing was had, proofs taken, and the issue held by both the probate and circuit courts against the appellant's contention. His reasons for asking a reversal of the judgment appear to be (1) that, by her consent to the probate of the will after her appeal, she lost her right to object under the statute; (2) that the reasons shown were not sufficient for nonapproval by the probate court; (3) that the widow, who has had the main charge of the estate, has run it in debt, and that she is responsible for that indebtedness.

The widow did not waive her right to object to the approval of Mr. Ohrns' appointment by her consent to the probate of the will. The statute contemplates a subsequent proceeding after the probate of the will, in which the widow, the mother of the children, may appear and oppose the appointment.

The reason given by the circuit judge for his conclusion is that serious questions had arisen between Mrs. Woodward and Mr. Ohrns, and that there was a mutual dis-

trust each of the other.    He held that this was a sufficient reason to set aside the testamentary appointment.    The statute confers original jurisdiction in this matter upon the probate judge.    It requires his approval before the testamentary appointment can become operative.    Only when there is a clear abuse of this power will an appellate court interfere.    Whether he may act arbitrarily, we need not determine.    It was apparent to the probate court and to the circuit court that the interests of the minors could not be properly subserved with two guardians who were mistrustful each of the other.    In this we concur.    We think the facts and circumstances justified the action of the lower courts.

The judgment is affirmed.

The other Justices concurred.