NEWTON *v*. DETROIT UNITED RAILWAY.

1. PARTIES — GUARDIAN AND WARD — STATUTE OF AMENDMENTS — APPEAL AND ERROR.

An action brought by a plaintiff, described as guardian of certain minors, may, under the statute of amendments, be treated on error as brought by plaintiff in his capacity of guardian, where the cause of action was for an injury to an automobile of the wards, in the possession of plaintiff, their general guardian, and where the objection was raised not by plea in abatement but by a motion to direct a verdict at the close of plaintiff's evidence.   3 Comp. Laws, § 10268 *et seq.*

2. SAME—INFANTS.

The guardian was not an improper party plaintiff.

Error to Wayne; Hosmer, J.   Submitted October 28, 1910.   (Docket No. 161.)   Decided November 11, 1910.

Case by Lumus C. Newton, guardian of the estate of Ruth C. Newton and others, against the Detroit United Railway for damages to an automobile.   Judgment for plaintiff; defendant brings error.   Affirmed.

*Corliss, Leete & Joslyn* (*William G. Fitzpatrick*, of counsel), for appellant.

*Cullen, Casgrain & Hanley*, for appellee.

STONE, J.   This suit was brought by Lumus C. Newton, guardian of the estate of Ruth C. Newton, Charles W. R. Newton, J. Esther Newton, and Gilbert Newton, minors, by virtue of an appointment of the probate court for the county of Wayne, against the defendant to recover damages for an injury to an automobile belonging to said infants and in possession of said plaintiff, said injury having been caused by the alleged negligent conduct of defendant's servants and employés.

The declaration alleges, among other things, that:

"On the 8th day of July, 1907, said plaintiff by his agent and servant was driving his automobile on Woodward avenue in said village (Highland Park), and when at a place approximately one mile south of the Six Mile road, and while upon the car tracks of the defendant company, said plaintiff's automobile came to a stop by reason of some temporary fault or defect in the machinery thereof. While plaintiff's agent and chauffeur was working upon said machine, in order to get the machinery running in such a manner that the automobile might be removed from the tracks of said defendant, and while he was so acting with due care and caution and without any contributory negligence on his part, said defendant, by its servants and employés, then and there on the 8th day of July, 1907, upon said highway, did so recklessly, carelessly, and negligently run, propel, and conduct its said motor car that by and through the said carelessness of said defendant * * * said motor car came upon and struck with great force and violence plaintiff's said automobile," greatly breaking and damaging the same, to the plaintiff's damage, etc.

The plea was the general issue. Upon the trial of said cause the plaintiff testified as follows:

"I have four children whose names are Ruth C. Newton, Charles W. R. Newton, J. Esther Newton, and Gilbert Newton. These children are minors. I am guardian of the estate of these children. As guardian of these children, I owned a certain Thomas touring car in 1907. It was bought on the 28th day of June, 1907, and I paid $2,625 for it."

On cross-examination the witness testified, among other things, as follows:

"*Q.* Did you own this automobile yourself, or did your children own it, Doctor?
"*A.* It was bought with guardian's funds.
"*The Court:* Well, then, it was the children's automobile.
"*A.* The children's automobile.
"*Q.* You personally have no interest in it?
"*A.* No interest in it. No."

Thereupon and thereafter certain evidence was given tending to prove that the automobile referred to was on

said alleged day, through the negligence of the operatives of one of the defendant's cars, damaged and injured, and that the extent of said injury and damage represented by the cost of necessary repairs and the depreciation in the value of the automobile equaled or exceeded the amount of the verdict of the jury hereinafter referred to.

At the conclusion of the plaintiff's testimony, defendant moved the court for the direction of a verdict in favor of the defendant upon the ground that the declaration in the case was the declaration of Lumus C. Newton, personally, against the defendant, or that it is the declaration of Lumus C. Newton, guardian of certain minors, against the defendant, and that the proofs in the case showed that the machine, the injuries to which are sought to be recovered for herein, belongs to the minors above named. Said motion was overruled, and defendant duly excepted. The case was thereupon submitted to the jury, and a verdict for the plaintiff was found by them in the sum of $550 damages.

The same objection was urged by the defendant upon a motion for a new trial, which was denied, and the case is here upon a writ of error, the sole error assigned being that which was urged by defendant in its motion for a directed verdict, and that the court erred in not directing a verdict for defendant, and in not granting a new trial for the same reason. The question discussed by counsel for the respective parties is whether Lumus C. Newton either personally or as guardian of the minors was entitled to recover, the defendant claiming that he was not, and that the suit should have been brought by the minors by their next friend.

The plaintiff bases his case principally upon section 8718, 3 Comp. Laws, which reads as follows:

"Every such guardian shall also settle all accounts of the ward, and demand, sue for and receive all debts due to him, or may, with the approbation of the judge of probate, compound for the same, and give and discharge to the debtor, on receiving a fair and just dividend of his

estate and effects; and he shall appear for and represent his ward, in all legal suits and proceedings, unless where another person is appointed for that purpose as guardian or next friend."

The plaintiff claims that under this statute there are at least two methods of bringing suit on behalf of minor wards—one by next friend, and the other by the general guardian appointed by the probate court.

In other States the practice does not appear to be uniform. In 15 Am. & Eng. Enc. Law (2d Ed.), p. 56, the rule is stated as follows:

"An infant usually brings suit by *prochein ami*, or next friend, but in many of the United States the general guardian is authorized by statute to bring suit without being appointed *prochein ami*. * * * If such suits concern merely the possession of the ward's property, the right to which is in the guardian, or, if they are upon contracts made by the guardian himself, they may be brought in the guardian's own name, but generally the guardian must sue in the name of the ward, and not in his own name."

In 21 Cyc. p. 190, it is said:

"A guardian may protect his ward's rights in personalty by suit, and he may maintain an action to recover possession thereof, or for damages for conversion thereof, or injury thereto; and he may enforce collection of debts and rents or hire due the ward"—citing, among other cases, *Norton* v. *Ohrns*, 67 Mich. 612 (35 N. W. 175).

In that case it was held that the guardian of a spendthrift might bring suit in his own name as guardian to recover personal property belonging to, or debts due, his ward under the statute. In *Carpenter* v. *Harris*, 51 Mich. 223 (16 N. W. 383), an action was brought by a guardian of an infant, as such, for forcible entry and detainer, and it was held that the action was properly brought. In *Reason* v. *Jones*, 119 Mich. 672 (78 N. W. 899), suit was brought by the general guardian of an incompetent person to set aside a deed. This court said:

"It is next urged that the general guardian of an in-

competent person cannot maintain this suit, but that it
can only be prosecuted by a guardian *ad litem.* 2 How.
Stat. § 6316, confers upon such guardian the manage-
ment of all his estate. Section 6323 provides that he may
also bring suit for all debts, etc., and that 'he shall ap-
pear for and represent his ward in all legal suits and pro-
ceedings, unless where another person is appointed for
that purpose as guardian or next friend.' We think the
power thus conferred is broad enough to entitle a guard-
ian to maintain a suit to recover property which his ward
was incompetent to convey away"—citing *Norton* v.
*Ohrns, supra;* and *Carpenter* v. *Harris, supra.*

In *Kinney* v. *Harrett,* 46 Mich. 87 (8 N. W. 708), it
was held that a guardian by appointment is not author-
ized in this State to bring ejectment in his own name for
lands owned by the ward, and the following reason was
given by this court:

"If ejectment were purely a possessory action, there
would be reason for holding that the guardian might sue
in his own name. But in this State ejectment determines
the title."

The court held, further, that where the ward's title is
fully set forth in the declaration, and the guardian is only
a nominal party, the objection to the pleading should be
taken by demurrer, and that it is within the discretion of
the court to permit an amendment. In *Morford* v.
*Dieffenbacker,* 54 Mich. 593 (20 N. W. 600), which was
also an action of ejectment, it was held that a declaration
in the name of a guardian might be amended after the
plea by making the ward the plaintiff suing by his next
friend who was the guardian, and a number of earlier
cases were cited in support of the right to so amend.

We are not prepared to hold that this action could not
be brought in the name of Lumus C. Newton as guardian.
If it is claimed that he did not sue *as guardian,* but in
his own name, and that in using the word "guardian"
he was simply describing his person, the declaration was
certainly amendable. It was held in Wisconsin in *Plath*
v. *Braunsdorff,* 40 Wis. 107, and in *Randall* v. *Lons-*

*torf*, 126 Wis. 147 (105 N. W. 663, 3 L. R. A. [N. S.] 470), that an objection in an action by a guardian that the cause of action was one in favor of the ward alone and must be prosecuted by such ward should have been pleaded in abatement, and was unavailable to the defendant after having pleaded in bar. Under the following authorities, it would be the duty of this court to treat the amendment of the declaration, if one were necessary, as made here, as our statute of amendments is very liberal: *Wood* v. *Lenawee Circuit Judge*, 84 Mich. 521–524 (47 N. W. 1103); *Smith* v. *Pinney*, 86 Mich. 484–492 (49 N. W. 305); *Lockwood* v. *Insurance Co.*, 108 Mich. 334 (66 N. W. 229); *Smith* v. *Cowles*, 123 Mich. 4 (81 N. W. 916); *Enright* v. *Insurance Co.*, 91 Mich. 238 (51 N. W. 928); *Steers* v. *Holmes*, 79 Mich. 430 (44 N. W. 922); *Barber* v. *Smith*, 41 Mich. 138 (1 N. W. 992); *Johr* v. *St. Clair Supervisors*, 38 Mich. 532.

So in any view of the case which we are able to take, we agree with the circuit judge that substantial justice was reached by the verdict and judgment below, that there is no error in the record, and that the judgment below should be affirmed.

BIRD, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.