SWEENEY *v.* MORELAND BROTHERS CO.

1. NEGLIGENCE—PERSONAL INJURIES—PLEADING—EVIDENCE—ADMISSIBILITY.

In an action for personal injuries caused to plaintiff's ward when he was struck by defendant's automobile, defendant's objection that testimony as to the loss of control of the urinary organs as a result of said injuries was not admissible because the declaration gave no notice thereof, *held*, without merit.

2. PARTIES—ACTION IN NAME OF GUARDIAN RATHER THAN WARD AMENDABLE IN SUPREME COURT.

Where an action for personal injuries to a mentally incompetent person was brought in the name of the guardian rather than in the name of the ward, but the declaration fully set forth that the injuries were those of the ward and shows that the cause of action was his, and it may therefore be amended under the statute, the Supreme Court will treat the amendment as made.

3. NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Evidence of defendant's negligence *held*, sufficient to take the question to the jury.

4. TRIAL—INSTRUCTIONS—DAMAGES FOR FUTURE PAIN AND SUFFERING LIMITED TO PRESENT WORTH.

Where, in an action for personal injuries, there was evidence of future pain and suffering, it was the duty of the trial court to instruct the jury that, in respect to damages therefor, the amount allowed should be limited to the present worth.

5. APPEAL AND ERROR—DAMAGES—ERROR CURED BY REDUCTION OF VERDICT.

Where the evidence as to future pain and suffering was slight, error of the trial court in neglecting to instruct the jury that damages therefor should be limited to the present worth, which goes only to the amount of the verdict, may be corrected, on review, by reducing the judgment from $6,499.50 to $5,999.50.

On excessiveness of verdicts in actions for personal injuries other than death, see note in L. R. A. 1915F, 30.

6. DAMAGES—EXCESSIVE VERDICT.

   A verdict for $5,999.50 for personal injuries, *held*, not
   excessive, in view of evidence that plaintiff, who was 40
   years of age, was seriously, painfully and permanently in-
   jured, that prior to the accident he was physically strong
   and able-bodied, that he is now permanently crippled, that
   he will never be able to walk upright again, that he is
   unable to control his urinary organs, and that as he grows
   older his injuries will be more of a handicap to him.

Error to Hillsdale; Chester (Guy M.), J.    Sub-
mitted January 8, 1924.    (Docket No. 6.)    Decided
June 2, 1924.

Case by Charles Sweeney, guardian of John Gavigan,
an incompetent person, against Moreland Bros. Com-
pany for personal injuries to plaintiff's ward.    Judg-
ment for plaintiff.    Defendant brings error.    Af-
firmed, conditionally.

*E. Bruce Laing, J. Culver Riggs,* and *Baldwin &
Alexander,* for appellant.

*Merton Fitzpatrick* and *Paul W. Chase,* for appellee.

MCDONALD, J.    This suit was brought by Charles
Sweeney as guardian of John Gavigan, a mentally in-
competent person, to recover damages for injuries
received by Gavigan when he was struck by a motor
truck belonging to the defendant, the injuries having
been caused, it is alleged, by the negligence of defend-
ant's driver.    The defendant owns and operates an
oil station in the city of Hillsdale.    Sweeney operates
a farm close by the city.    Gavigan was employed by
him as a farm laborer.    At the time of the accident,
late in the afternoon of November 18, 1921, Gavigan
was leading a cow along the highway towards Hills-
dale.    As he was walking on a path along the graveled
portion of the road, he was overtaken by one of the
defendant's trucks, knocked down and run over.    His

injuries were serious, and he claims that they were due solely to defendant's negligence in driving its truck at an excessive rate of speed, in not having it under control, in not having it equipped with proper lights and brakes, in failing to sound an alarm or clang the horn as it approached, and in not seasonably turning to the left where there was ample room to pass. The defendant denies negligence and claims that the accident was unavoidable. The driver testifies that he did not see Gavigan until he was within 15 feet of him, because it was dark, there was mist on the windshield and his sight was blinded by the bright lights of an approaching automobile; that as soon as he observed the plaintiff he at once applied his brakes and used every effort to avoid running into him. At the close of the plaintiff's proofs the defendant asked for a directed verdict for the following reasons:

*First.* That the suit was brought by Charles Sweeney, guardian of John Gavigan, an incompetent person, as plaintiff, to recover damages suffered by Mr. Gavigan.

*Second.* That there was no proof of negligence on the part of defendant, or its servants, which would warrant the court in submitting the question to the jury.

The court refused to direct a verdict and submitted the case to the jury. The plaintiff received a verdict and judgment for $6,499.50. The defendant brings error.

The questions involved relate to the admission of testimony, the denial of a motion to direct a verdict, refusal of requests to charge, the charge as given and the denial of a motion for a new trial. We have examined all of the errors alleged as to the admission of testimony. It is not necessary here to comment on any save that concerning Mr. Gavigan's loss of control of his urinary organs. The defendant's objection to this testimony was based upon the claim that the

declaration gave no notice of any such injury. The question raised is not new and calls for no extended discussion. The circuit judge correctly held that it was controlled by *Grogitzki* v. *Detroit Ambulance Co.,* 186 Mich. 378, and cases therein cited.

The first reason assigned by counsel for a directed verdict, viz., that the action should have been brought in the name of John Gavigan instead of in the name of the guardian, raises a question that should have been presented on motion to dismiss before plea. See *Newton* v. *Railway,* 163 Mich. 373. However, the declaration fully set forth that the injuries were those of John Gavigan and shows that the cause of action was his. It may therefore be amended without in any manner altering the issue. In the matter of amendments our statute is very liberal.

"Under its provisions it is the duty of the appellate court, as well as of the trial court, to make such amendments as justice requires, having due regard for the rights of parties." *Fernette* v. *Railroad Co.,* 175 Mich. 653, 675.

We will therefore treat the amendment as made here to meet defendant's objection.

A further reason assigned for a directed verdict was that there was no evidence of the defendant's negligence. The plaintiff's evidence tends to show that after the truck hit Gavigan it traveled a distance of 160 feet, mostly up grade, before the driver was able to bring it to a stop. The driver says that he stopped it within 27 feet, and that he was driving about 12 miles an hour. This testimony made a question for the jury as to the speed of the truck, and whether the driver had it under control. It is undisputed that the brakes did not work, that the horn was not sounded, and that no attempt was made to avoid the accident by turning to the left. As to the efficiency of the lights, the testimony was in conflict. There was ample evidence of defendant's

negligence and the court did not err in submitting it to the jury.

Complaint is made that the court erred in neglecting to instruct the jury that in respect to damages for future pain and suffering the amount allowed should be limited to the present worth.    As to the necessity for such an instruction see *Denman* v. *Johnston,* 85 Mich. 387.    However, as this error goes only to the amount of the verdict and as the evidence of future pain and suffering was very slight, we think the rights of the defendant will be fairly protected by a reduction of $500 from the verdict rendered.

It is insisted by the defendant that the verdict should be set aside because it is excessive.    This question was urged on a motion for a new trial, but the court refused to disturb the verdict for that reason.    There is nothing in the record to indicate that the verdict was not the result of a fair consideration of the evidence.    The testimony shows that the plaintiff was seriously, painfully and permanently injured; that prior to the accident he was physically strong and able-bodied, that he is now permanently crippled, that he will never be able to walk upright again, and that he is unable to control his urinary organs.    The evidence is that he was 40 years of age at the time of the accident, and his attending physician testifies, "that as he gets older the injury is going to be more of a handicap to him about walking or doing anything."    In view of the evidence, we think the verdict was not excessive.    The judgment will be affirmed if the plaintiff within ten days shall file a consent that it be reduced to $5,999.50; otherwise it will be reversed and a new trial granted.    Neither party will have costs.

CLARK, C. J., and BIRD, SHARPE. MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.