WATERS *v.* NATIONAL SPRING & WIRE CO.

1. BROKERS—COMMISSIONS—QUESTION FOR JURY.
   In an action for commissions on the sale of certain springs, contradictory testimony as to the existence of the contract on which plaintiffs relied, *held,* to present a question of fact for the jury.

2. SAME—QUESTION FOR JURY.
   Testimony by plaintiffs that, under the contract, they were to receive commissions on all sales for the first year presented a question of fact for the jury, and therefore the court was not in error in not limiting recovery to the initial order.

3. APPEAL AND ERROR—VARIANCE—AMENDMENT CONSIDERED MADE TO SAVE JUDGMENT.
   In an action for commissions on the sale of certain springs, permitting plaintiffs to testify that they were to receive said commissions on all sales for one year, in variance with the declaration, which did not state the period for which the contract was to run, *held,* not fatal, since it might have been easily cured by amendment of the declaration and said amendment will be regarded as having been made.

Error to Kent; Perkins (Willis B.), J.   Submitted October 8, 1926.   (Docket No. 72.)   Decided January 3, 1927.

Assumpsit by Dudley H. Waters and another against the National Spring & Wire Company for commissions on the sale of certain springs.   Judgment for plaintiffs.   Defendant brings error.   Affirmed.

*Laurence W. Smith* and *Travis, Merrick, Warner & Johnson,* for appellant.

*Dunham & Cholette,* for appellees.

[1]Brokers, 9 C. J. § 129; [2]Id., 9 C. J. § 129; [3]Pleading, 31 Cyc. p. 451.

BIRD, J.    The defendant manufactures automobile springs in the city of Grand Rapids.    The Hayes-Ionia Company manufactures automobile bodies in Grand Rapids.    Defendant was desirous of furnishing the Hayes-Ionia Company the springs which it used.    Being in this mood the defendant engaged plaintiffs to assist in making a market for its product with the Hayes-Ionia Company, and defendant agreed with them that if they would do so it would give them ten cents for each set of springs it sold to the Hayes-Ionia Company during the year.    Plaintiff Waters' father was a director and vice-president of the Hayes-Ionia Company, and plaintiff Waters had been in its employ.    The plaintiffs claim that they accepted defendant's proposition and went to work on it, that they obtained blue prints from the Hayes-Ionia Company as to what they desired, and delivered them to defendant, and that they continued their efforts until the order for 10,000 sets was gotten by defendant.    The defendant sold to the Hayes-Ionia Company 64,660 sets of springs during the year, thereby entitling the plaintiffs to a commission of $6,466.    The defendant denied that any such contract was made, and denied that plaintiffs were influential in making the sales.    The matter was tried out before a jury and a verdict was rendered for the full amount of plaintiffs' claim.

Defendant has raised the following questions:

(1) That the court should have directed a verdict in favor of the defendant, inasmuch as it appears from the testimony that the plaintiffs had nothing whatever to do in securing any order for the defendant company from the Hayes-Ionia Company.

(2) That in any event the court should have limited the plaintiffs' recovery to a commission of ten cents a set for the number of springs furnished under the first order, because the plaintiffs themselves did not claim to have had anything whatever to do with securing subsequent orders.

(3) The court erred in permitting the plaintiffs to

testify as to a contract which was not set forth in the declaration, and which was entirely inconsistent with the allegations of the declaration.

1. It was the claim of defendant that plaintiffs had nothing to do in securing the order from the Hayes-Ionia Company. Plaintiffs both testified that they did, and detailed in part what they did. Plaintiff Siegel testified:

"Therefore, he (defendant) was very anxious to get this order and he was willing, and he said we could name our own commission. And we agreed at that time on ten cents a set, which was a very small fee, and was even smaller than salesmen get, and that is what we were to get, ten cents a spring, for the whole year, for the business from the Hayes-Ionia Company that he got through us."

Plaintiff Waters testified:

"And he asked us what we wanted for our work providing we should get the business, and Mr. Siegel suggested ten cents a set, that is, ten cents for each set of springs as being a fair commission, and Mr. Ginsberg agreed to that, seemed perfectly fair, and he agreed then and there. Mr. Ginsberg said that would be perfectly satisfactory to him and we asked him if that would cover any subsequent business and he said yes, that would go for a year."

This testimony, together with defendant's testimony, raised a question of fact. Counsel could hardly expect this court to determine this question of fact. The testimony was in sharp conflict and it was a question for the jury to determine which was right about the matter.

2. But defendant says the court should have limited the recovery to the first order. The court could not well limit the recovery to the first order, as both plaintiffs testified that they were to have commission on all springs sold throughout the year. It would make no particular difference if the plaintiffs put forth no

further effort after the first order if their contract provided they should receive a commission on all sets sold during the year.    If plaintiffs brought the parties together and opened the way for future orders by helping to secure the initial order of 10,000 sets they would be entitled to their commission on subsequent orders.    Whether they did do this was a question for the jury.

3. Error is assigned because the court allowed plaintiffs to testify to a contract which is not set up in the declaration, and which was inconsistent with the declaration.    The declaration alleged that plaintiffs were to receive ten cents a set for all springs sold, but did not fix the period in which they were to receive such commission.    They both testified that it was to apply to all the sales made during the year. This variance was a slight one and could have been easily cured by amendment if it had been requested of the trial court.    In view of this the amendment will be regarded as having been made by the trial court.    *Smith* v. *Pinney*, 86 Mich. 484; *Enright* v. *Insurance Co.*, 91 Mich. 238; *Johnston* v. *Insurance Co.*, 106 Mich. 96.    Counsel say the recovery was evidently had on the special count; that there was a variance between the special count and the proofs, and no damages were shown under the common counts, therefore, no recovery should have been permitted.    With the amendment made to the declaration there is no variance and no occasion for showing the value of plaintiffs' services under the common counts.

The case was carefully tried and we find no errors which should put the parties to the expense of another trial.    The judgment is affirmed.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.