*In re* LOGAN'S ESTATE.

APPEAL OF LAVADA LOGAN.

GUARDIAN AND WARD—ORPHANS—TRANSFER OF GUARDIANSHIP BY WILL.
Under the probate code it is not competent by will to transfer the guardianship of an orphan to a testamentary guardian from a guardian who is a citizen of this State and who has lawful custody of the orphan pursuant to appointment by the probate court (Act No. 288, chap. 3, § 10, Pub. Acts 1939).
CHANDLER, C. J., dissenting.

Appeal from Wayne; Nicol (Henry G.), J. Submitted April 9, 1942. (Docket No. 66, Calendar No. 41,904.) Decided July 1, 1942.

In the matter of the estate of Norman Logan, a minor. Petition by Lavada Logan for removal of guardian and other relief. Petition denied. Lavada Logan appealed to circuit court. From order affirming denial of petition, Lavada Logan appeals. Affirmed.

*Joseph A. Craigen,* for estate of Norman Logan.

*William B. Giles,* for Lavada Logan.

CHANDLER, C. J. (*dissenting*). Norman Logan's mother died in November of 1938, and soon thereafter he went with his father, Mollison Logan, to live in the home of William R. Logan, his grandfather. Lavada Logan, appellant herein and an aunt of the minor, kept the house for William R. Logan. It appears that she was unmarried and had no income

other than contributions from her father, brother and sisters.

On December 23, 1939, Norman's father was killed in an automobile accident and on the day of his funeral the following will executed by him on May 26, 1939, was delivered by some member of the Logan family to an attorney in Jackson, who, at that time, believed it to be of no particular consequence and it was therefore not immediately offered for probate.

"In case of accident I leave Norman in the complete charge of Lavada Logan. After all expense is deducted from insurance, balance put in trust with Lavada as guardian.

Mollison Logan"

W. R. Logan
Amos Jackson

On December 28, 1939, two petitions for the appointment of a guardian for the minor were filed, one by the paternal grandfather, asking for the appointment of appellant, and one by the maternal grandmother, Rose Folson, asking for the appointment of herself as guardian.

On February 5, 1940, the probate court appointed one Victor L. Hicks, clerk of the court of Judge Guy A. Miller, as guardian, who qualified and is now acting in such capacity.

On February 6, 1940, one James C. Traylor was appointed administrator of the estate of Mollison Logan.

On January 16, 1941, appellant filed a petition for probate of the will heretofore mentioned, which, after contest, was admitted to probate on April 17, 1941.

Thereafter, on May 14, 1941, appellant filed the petition herein, praying for the removal of Victor L. Hicks as guardian of the person and estate of the minor child, and offering to qualify as testamentary

guardian under the will. From an order of the probate court denying the petition, an appeal was taken to the circuit court where a judgment of affirmance was entered, from which judgment this appeal is taken.

It appears that since July 1, 1940, the child has been cared for by his grandmother, Rose Folson, and upon inquiry by the trial court the boy stated that he would rather remain with her. He was but six years of age in December, 1941, and his wishes as to his custody should not be controlling.

It is not claimed, either by appellant or the present guardian, that the other is not a fit person to have the custody and control of the minor or his estate. Appellant asserts that the issue involved is purely a legal question concerning the interpretation of the provisions of Act No. 288, chap. 3, § 10, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–3(10), Stat. Ann. 1941 Cum. Supp. § 27.3178 [210]), which provides:

"In case of the death of either father or mother, the surviving parent may, by last will in writing, appoint a guardian or guardians for any of his or her children to continue during the minority of the child, or for any less time, and every such testamentary guardian shall have the same powers and shall perform the same duties with regard to the person and estate of the ward as a guardian appointed by the judge of probate: *Provided,* That when both father and mother are dead, and where it appears that the father or mother attempting to appoint such testamentary guardian was not a resident of this State, and had not the custody or control of such infant or infants prior to his or her death, but that such infants were under the lawful control of citizens of this state for 1 year or upwards prior to such death, *or when a citizen of this State shall have lawful custody of an orphan child or children, and shall have been appointed guardian thereof by the pro-*

*bate court of the county where said child or children
reside, it shall not be competent by will to transfer
such control from such citizen or from the guardian
so appointed to the testamentary guardian, and all
wills heretofore made shall be subject to the pro-
visions of this section."*

The trial court, in interpreting this provision, was
of the opinion that the petition of appellant should
be denied, apparently on the theory that the portion
of the proviso of the statute which we have itali-
cized was entitled to be and should be operative inde-
pendently of that portion of the proviso preceding
it, and it appearing that a guardian had been ap-
pointed for the minor by the probate court, the testa-
mentary appointment of appellant should not be-
come effective.

We believe this was a misconstruction of the in-
tent and meaning of the statute. The statute should
not be dissected and digested piecemeal, but the
proviso should be interpreted and given a meaning
in harmony, if possible, with the whole context. *Town-
ship of Clearwater* v. *Board of Supervisors of Kal-
kaska County,* 187 Mich. 516; *Kelley* v. *Judge of Re-
corder's Court of Detroit,* 239 Mich. 204 (53 A. L.
R. 273). The proper function of a proviso is to re-
strain, or in some manner, modify, the general pro-
visions of an enacting clause. It is not to be ex-
tended or enlarged by inference, but strictly con-
strued and limited to the object plainly within its
terms. *Board of Regents of the University of Michi-
gan* v. *Auditor General,* 167 Mich. 444.

Here, the enacting portion of the section gives the
right to the surviving parent to appoint a guardian
for a minor child by will, subject to the limitations
imposed by the proviso following. As we interpret
the legislation in question, it appears to us that in
order to deny the effectiveness of the testamentary

appointment, it must appear either that the one so attempting to appoint a guardian must have been a nonresident of the State, without custody of the child, the custody or control being vested in a citizen of this State for a period of at least one year prior to the death of the parent, or that such deceased parent must have been a nonresident of the State and the child in the custody of a citizen of the State who has been appointed guardian thereof by the probate court. In either event, the deceased surviving parent must have been a nonresident before the proviso becomes operative.

Applying this conclusion to the facts before us results in a finding that the trial court was in error, as it is conceded that Mollison Logan, deceased, was at all times in question a resident of Michigan.

We do not mean to say that the appointment of a testamentary guardian is automatic and mandatory. The right to appoint a guardian is a statutory right, but before the appointment can become effective the statutory limitations that are intended to safeguard the interests of the ward must be met. *Olmstead* v. *Taylor*, 126 Mich. 316. It does not become operative prior to the approval thereof by the probate court. *Ohrns* v. *Woodward*, 134 Mich. 596, but such approval should not be withheld without good reason. *Carpenter* v. *Harris*, 51 Mich. 223.

The judgment should be reversed and the case remanded to the trial court with instructions that the cause be certified to the probate court for entry of an order removing the present guardian and appointing appellant in accordance with the will of the deceased parent and this opinion. No costs should be allowed.

Boyles, J. I do not agree with the conclusion reached by the Chief Justice. The concluding part

of the proviso in the statute (Act No. 288, chap. 3, § 10, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289–3(10), Stat. Ann. 1941 Cum. Supp. § 27.3178 (210)]) now definitely precludes transfer of the guardianship from the guardian already appointed by the court to the testamentary guardian named in the will. This part of the proviso, separated from the previous language by a disjunctive ''or,'' is as follows:

''Or when a citizen of this State shall have lawful custody of an orphan child or children, and shall have been appointed guardian thereof by the probate court of the county where said child or children reside, it shall not be competent by will to transfer such control from such citizen or from the guardian so appointed to the testamentary guardian, and all wills heretofore made shall be subject to the provisions of this section.''

In the situation before us, a citizen of this State has lawful custody of an orphan child, Norman Logan. This citizen (one Victor L. Hicks) has been appointed guardian thereof by the probate court of Wayne county where the child resides. The statute declares that under these circumstances it shall not be competent by will to transfer such control from the guardian so appointed to the testamentary guardian. The statute was so construed by the court below and the order must be affirmed, with costs to appellee.

NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred with BOYLES, J. WIEST, J., took no part in this decision.