THE FIRST NATIONAL BANK OF ANGELICA, Respondent, *v.* CHARLES F. HALL, impleaded, etc., Appellant.

The addition of the word "cashier" to the name of the payee, in commercial paper, imports that the bank, of which the person named is cashier, is intended as the payee. An indorsement by such cashier is not necessary to give the bank title.

Fraudulent diversion of a bill from the purpose for which it was drawn, is no defense to an action by a *bona fide* holder thereof.

(Argued January 10; decided May 1, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the eighth district, affirming a judgment entered upon a verdict rendered for the plaintiff.

The action was upon the following draft:

"$500.                         "ORAMEL, *June* 22, 1865.

"Three months after date, pay to the order of J. E. Robinson, cashier, five hundred dollars, value received, and charge same to the account of

"S. WATSON, Oramel.

"To C. F. HALL, Rochester, N. Y.

"Accepted, payable at the Commercial Bank of Rochester.
                              "C. F. HALL."

The action was brought to trial at the Allegany Circuit; and the following is the evidence of Robinson, the cashier:

"The draft was presented by Mr. Johnson on the 9th of August, 1865, for discount, and the plaintiff discounted it, and paid him the money for it.

" *Cross-examined.* — I know Mr. Watson; on or about the date of the draft, Mr. Watson presented me with the draft, and wanted I should send it to defendant for acceptance, and, if satisfactory, to discount it; I sent the paper to Rochester, to the Union Bank; it came back accepted; I then declined to discount it to Watson without another name, and Watson took it away; Watson said that if I discounted the draft, he would take up some other paper that he then had at the bank; I did not know that Watson was doing business for Hall; I knew defendant Hall, and knew that he was in the wood business, and that he was in the habit of coming up into the country for wood; I knew Watson at this time was doubtful; that his name was not of much consequence on the paper; Johnson came alone to the bank with the paper; I recognized it as the same draft I sent to Rochester; Johnson presented the draft for discount and indorsed it, and I paid him the money on it; the draft had never been transferred by me."

The plaintiff having rested, the defendant offered to prove the following facts, which he had substantially set up in his answer: That the draft in suit was accepted by defendant for his own benefit and without consideration, and that he had no funds of Watson at the time of such acceptance; that the draft was accepted and delivered by the defendant to Watson, as the agent of defendant, to be used by him in the purchase of cord wood for defendant, as such agent, and for no other purpose; that Watson did not use the draft in the purchase of cord wood for defendant, but that Watson diverted said draft, and delivered it to one Truman Hall as collateral security to a debt of $200 which the said Watson, prior to the making and delivery of the draft, owed to Truman Hall; that said Truman Hall, while he held the draft, was notified by defendant that said draft was accepted and delivered to Watson without consideration and as the agent of defendant, and had been diverted by Watson and would not be paid at maturity; that the said Truman Hall thereupon delivered the draft to one E. F. Johnson, who

immediately thereafter transferred and delivered the same to the plaintiff.

The court overruled the offer of the defendant, and would not permit him to prove those facts before the jury, and decided that such proof would not constitute a defense. To which ruling and decision of the court the counsel for the defendant then and there duly excepted. The court thereupon directed the jury to find a verdict for the plaintiff for $516.58 damages; and the jury rendered a verdict accordingly.

From the judgment entered upon the verdict the defendant appealed to the General Term of the eighth district, and from judgment of affirmance there to this court.

*J. C. Cochrane,* for the appellant.

*Samuel Hand,* for the respondent.

Earl, C. There was no offer to show that the plaintiff knew any of the facts which the defendant offered to prove as constituting his defense, and hence the plaintiff must be treated as a *bona fide* holder for value, unless its title was defective, because the draft was payable to the order of Robinson, cashier, and was not endorsed by him. But under the circumstances of this case, it is quite clear that the bank was the payee of the note and not Robinson its cashier. It is alleged in the complaint and admitted in the answer, that the draft was payable " to the order of the plaintiff's cashier, as such." In the case of *The Bank of Genesee* v. *Patchin Bank* (19 N. Y., 312), S. B. Stokes, the cashier of the Patchin Bank, sent to the Bank of Genesee to be discounted, a bill of exchange payable to the order of " S. B. Stokes, Cas.," endorsed by him with the same addition to his signature, and enclosed in a letter dated at the banking-house and signed " S. B. Stokes, Cas." It was held that these circumstances imported that the endorsement was that of the Patchin Bank in the regular course of business and not that of S. B. Stokes individually. In *Bank of New York* v. *Bank of Ohio* (29 N. Y., 619), it was held that a draft drawn

payable to "D. C. Converse, Esq., cashier," who was the cashier of the defendant, was in judgment of law payable to the bank of which he was the officer. Hence, in this case the position of the parties is the same as if this draft had been made payable to the plaintiff by name instead of its cashier, and no endorsement was necessary to give it the position of a *bona fide* holder, or to enable it to sue. The bank declined to discount the draft without another name. It was taken away and came back with another name, and then the bank discounted it. I am unable to discover any defect in its title, or any defense in the evidence offered.

The judgment should be affirmed with costs.

All concur for affirmance.

Judgment affirmed with costs.