## CHRISTIAN C. NAVE ET AL. V. NICHOLAS T. HADLEY ET AL.

1. *Joint Complaint.*—Where a complaint by several plaintiffs fails to show a cause of action in all, it will be held bad on a demurrer assigning the fifth statutory cause.

2. *Principal and Agent.*—A principal may sue on a promissory note made payable to his agent, and not indicating or disclosing the principal. And so a note payable to the cashier of a bank may be sued on by the bank.

3. *Defenses.*—But where the principal is not disclosed, the note, when sued on by him, is subject to all equities existing against the agent by virtue of the transaction.

4. *Parties.*—In a suit on a promissory note by an undisclosed principal, the agent should be brought into court so that the maker may be properly protected. But this rule does not apply where there are descriptive words, as "cashier," added to the payee's name, since this indicates the agency.

Filed June 22, 1881.

Appeal from Hendricks Circuit Court.

Opinion of the court by Mr. Justice Elliott.

This appeal brings before us the question of the sufficiency of the complaint of appellees against the appellants. It is therein alleged that appellants executed a promissory note in which the payee is described as N. T. Hadley, cash; that the appellees were partners doing business under the firm name of the Danville Banking Company; that said N. T. Hadley, to whom said note is payable, is the cashier of the said banking company, and was the cashier at the time the said note was executed, and is a member of said firm, and now sues in the name of Nicholas T. Hadley, together with his co-plaintiffs; that said note is now, and always has been, the property of the said Danville Banking Company.

One of the causes assigned by appellants' demurrer is that the plaintiffs did not have legal capacity to sue. It is well settled that the second statutory ground of demurrer, applies only to cases where the plaintiff is under some legal disability, such as infancy, idiocy, coverture or the like. *Delolb* v. *Carter*, 31 Ind. 355; *Dale* v. *Thomas*, 67 Ind. 570. The argument appellant builds upon this cause must fall, because it is utterly foundationless.

Another of the causes assigned by appellants' demurrer, is that the complaint does not state facts sufficient to constitute a cause of action, and this presents the real question in the case. Appellant is correct in saying that where a complaint by several plaintiffs fails to show a cause of action in all, it will be held bad on a demurrer assigning the fifth statutory cause. *Lipperd et al* v. *Edwards* 39 Ind. 165. *Neal et al* v. *Board*, 47 Ind. 51. The question whether this complaint does show a cause of action in all of the appellees is therefore properly presented.

The complaint shows very clearly that N. T. Hadley, the payee in the note sued on, was the agent and partner of his co-plaintiffs, and that the note was executed to and received by him as such agent and partner.

There is some conflict in the cases as to whether a principal may sue upon a promissory note payable to the agent which does not indicate or disclose the principal. The weight of authority is, however, pretty decidedly in favor of the doctrine that the action may be maintained by the principal. *Rutland & Co.* v. *Cole*, 24 Vt. 38; *Bonney* v. *Pumly*, 5 Vt. 500; *Johnson* v. *Catlin*, 27 Ind. 87; *Fairchild* v. *Adams*, 16 Pick. 383; *Nat. L. Ins. Co.* v. *Allen*, 116 Mass. 398.

The descriptive words "cash," affixed to Hadley's name, indicate that he was acting in a representative capacity, and that it was in such capacity that the note was made payable to him. It is well settled that a note payable to the cashier of a bank is to be deemed payable to the bank, and that the bank may sue thereon as payee. *Baldwin* v. *Bank*, 1 Wall 239; *Union Bank* v. *Gaston*, 34 Mich. 279; *First Nat. Bank* v. *Hale*, 44 N. Y. 395; *Pratt* v. *Topeka*, 12 Kansas 570; *Fisher* v. *Ellis*, 3 Pick. 322. This is the doctrine of the case of *Bank* v. *Wheeler*, 21 Ind. 90. In that case the indorsement was to "H. Early, cashier," and by him under the same form to the plaintiff in that action, and the indorsement was held to be that of the bank. *Hayes* v. *Cutler*, 54 Ind. 260.

It has long been the doctrine of this court that a principal may sue upon a contract made with the agent, although the principal was not named in the contract. In discussing this question in *Morrow* v. *Seaman*, 3 Blf. 338, the court said: "The true rule by which it can, in all cases, be determined who should be the plaintiff in actions founded upon contracts, is to ascertain with whom the contract has been made, or, in other words, who has the legal interest in the contract, for he, alone, can complain that it has been broken, and enforce its performance."

Where the principal is not disclosed, the right to sue is hampered, for if the party has acted upon the faith that the agent was the real party in interest, and was acting in his own behalf, then the principal receives his right of action subject to all equities growing out of the transaction which may exist against the agent. Our decision in this case is not, however, affected by this consideration, for no equities are asserted to have existed against the agent.

It is true, as suggested by counsel, that where a note is payable to the agent of an undisclosed principal, he should, in some

way, be brought into court, in order that the maker of the note may be fully protected against any real or pretended claim of such agent. We need not decide whether this rule should apply where the descriptive word cashier is added to the name of the payee, for the agent is here a party to the action. The agent joins in the action, and the judgment forever concludes him from asserting any interest different from that stated in the complaint. There can be no possibility of any successful assertion by Hadley of an interest in the note different from that described in the complaint, and as-tained and fixed by the judgment. All who had an interest in the note were properly in court, and it was, therefore, in its power to render a judgment which should protect the interests of all, and finally determine all controversies respecting the promissory note which constituted the cause of action.

The complaint shows a complete cause of action in all of the appellees, and shows also that all proper parties were in court, and the demurrer was, therefore, properly overruled.

Judgment affirmed with costs.

C. C. Nave, for appellants.

E. G. Hogate and R. B. Blake, for appellees.