FLEITMAN v. McKINNON.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 68.

1. BILLS AND NOTES ⨺456—RIGHT OF ACTION—REPRESENTATIVE CAPACITY.
Plaintiff may sue, in his representative capacity as agent for the shareholders of a bank, on a note payable to plaintiff, "agent for the shareholders" of that bank, though those words would be construed as merely descriptio personæ in a suit by plaintiff as an individual.
[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1377–1380, 1382–1392, 1394–1420½; Dec. Dig. ⨺456.]

2. PLEADING ⨺245(3)—AMENDMENT AT TRIAL—STATUTE.
Under Rev. St. § 954 (Comp. St. 1913, § 1591), authorizing a court at any time to permit either party to amend any defect in the pleadings, the court can at the trial of a suit by plaintiff, as agent for shareholders, on a note payable to him as such agent, permit plaintiff to amend the complaint, so as to allege delivery to, presentation, notice, and demand by, indebtedness to, and prayer for judgment in favor of plaintiff in his representative capacity, instead of as an individual; those amendments, if necessary, being merely matters of form, which could not have surprised defendant.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 658, 659; Dec. Dig. ⨺245(3).]

In Error to the District Court of the United States for the Southern District of New York.

Action by John W. McKinnon, as agent for shareholders of the National Bank of North America in New York, against Lida M. Fleitman, as administratrix of the estate of F. Augustus Heinze, deceased. Judgment for plaintiff, and defendant brings error. Affirmed.

This cause comes here on writ of error to the United States District Court for the Southern District of New York in respect of a judgment entered therein on December 30, 1915, in favor of the defendant in error, hereinafter called plaintiff, in the sum of $91,682.04.

⨺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The National Bank of North America in New York is a national banking corporation, organized under the laws of the United States. On October 21, 1908, the plaintiff was duly elected the agent for shareholders to wind up the affairs of the bank. He duly qualified as such agent and became possessed of all the assets. It appears that one F. Augustus Heinze made and delivered to plaintiff a note, the essential part of which, so far as the questions here involved are concerned, is as follows:

"$80,000.00                                    New York, Mar. 10, 1909.

"Six months after date I promise to pay to J. W. McKinnon ·agent for shareholders Nat. Bank of North Am. or order, eighty thousand $00/100$ dollars for value received, with interest at 6 per cent per annum, having deposited with ——— as collateral security

  15,000 shares Ohio Cop. Co stock
 . $20,000 par Ohio 1st Mort Bonds
with authority to sell the same, or other security subsequently substituted, at the Board of Brokers, or at public or private sale, at their option, on the performance of this promise and without further notice, applying the net proceeds to the payment of this note, including interest, and accounting to me for the surplus, if any. In case of deficiency, I promise to pay to said J. W. McKinnon the amount thereof, forthwith after such sale, with legal interest.
                                               "F. Aug. Heinze."

Thereafter, and on November 4, 1914, Heinze died, and the plaintiff in error, hereinafter called defendant, was appointed administratrix by the Surrogate's Court of Saratoga County, in the state of New York. The plaintiff duly presented to the defendant a claim on account of the above note, for $87,444.84, the whole of which claim was rejected.

Thereupon this action was brought to recover the amount due and owing on the note after deducting certain payments, which had been made at divers times between October 5, 1910, and March 3, 1913, and which left a balance unpaid of $71,946.67. The judgment recovered was for that amount, together with the interest, $20,145.07, less $450, and costs in the sum of $40.30.

Rockwood & Haldane, of New York City (Charles A. Winter, of New York City, of counsel), for plaintiff in error.

Van Vorst, Marshall & Smith, of New York City (Arthur B. Brenner, of Brooklyn, N. Y., and John Howard Keim, of New York City, of counsel), for defendant in error.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). [1] The first question which this case presents is whether the plaintiff suing "as agent for shareholders of the National Bank of North America," can maintain an action on a note payable to "J. W. McKinnon, Agent for Shareholders Nat. Bank of North Am." The defendant's contention is that the words "Agent for Shareholders Nat. Bank of North Am." are mere descriptio personæ, which may be disregarded as without legal significance, that the legal title to the note is in McKinnon individually, and that therefore the action is not maintainable. We are not able to take this view of the matter.

The courts have held that where a note is payable to the order of a named person, with the official designation written after his name, as "A. B., President," his designation as officer may be disregarded as merely descriptio personæ, and that he may sue in his own name individually on the note. And they have also held that the note may in such a case be sued on by the corporation, and that

without any indorsement having been made to it by the officer. In 8 Corpus Juris, page 840, the rule is stated as follows:

"A bill or note made payable to a corporate officer or agent may be sued on by the corporation as the real party in interest, although an action by the officer in his own name has been sustained, he having the legal interest and his designation as officer being regarded as merely descriptio personæ; and this rule has been applied so as to authorize suits by the officers of unincorporated associations or joint-stock companies. So an officer of a corporation may sue in his own name on a negotiable instrument transferred to the corporation by an indorsement in blank."

It seems to be established law that, when the name of a payee is followed by words showing the payee's connection with a banking institution, as where a note runs to "A. B., Cashier," the obligation is payable to the bank as a matter of law, and the bank may sue upon it. In Bank of New York v. Bank of Ohio, 29 N. Y. 619, the instrument was payable to the order of "D. C. Converse, Esq., Cashier," and the court declared that "a bill drawn to D. C. Converse, cashier, is in judgment of law payable to the bank of which he is the officer."

In First National Bank v. Hall, 44 N. Y. 395, 4 Am. Rep. 698, a draft was payable to the order of "J. E. Robinson, Cashier." The draft had not been indorsed by Robinson to the bank, and yet the bank was allowed to maintain an action upon it. The court declared that the position of the parties is the same as if the draft had been made payable to the plaintiff by name instead of its cashier, and no indorsement was necessary to give it the position of a bona fide holder or to enable it to sue.

In Baldwin v. Bank of Newbury, 1 Wall. 234, 17 L. Ed. 534 (1863), the court held that a bank could maintain an action on a note payable to the order of "O. C. Hall, Esq., Cashier." The principle is, the court said, that the promise should be understood according to the intention of the parties. If the undertaking was to the corporation, it should be declared on and treated as a promise to the corporation, and parol evidence would be admissible to show that the person designated "cashier" was in fact at the time the cashier, and that he acted as such in taking the note, it being intended as a promise to the corporation. And the court added:

"Mr. Parsons, says, if a bill or note is made payable to 'A. B., Cashier,' without any other designation, there is authority for saying that an action may be maintained upon it, either by the person therein named as payee or by the bank of which he is cashier, if the paper was actually made and received on account of the bank; and the authorities cited by the author fully sustain the position."

The cases are numerous which hold that a bank may sue upon paper made payable to its cashier by his official title although he has not indorsed the paper. Commercial Bank v. French, 21 Pick (Mass.) 486, 32 Am. Dec. 280; Stamford Bank v. Ferris, 17 Conn. 259; Nave v. Lebanon First National Bank, 87 Ind. 204; Garton v. Union City National Bank, 34 Mich. 279; Pratt v. Topeka Bank, 12 Kan. 570; 7 Cyc. 559. And in a number of cases it is held that the government may bring suit in its own name on a bill or note belonging to it, although it is made payable to the treasurer of the United States or other public

officer. Dugan v. U. S., 3 Wheat. 172, 4 L. Ed. 362. The same principle has been applied to a state. People v. Bank of North America, 75 N. Y. 547; Esley v. Illinois, 23 Kan. 510. And also a county. See 11 Cyc. 607.

In the case at bar, the note, having been made to "J. W. McKinnon, Agent for Shareholders Nat. Bank of North Am., or order," belonged to J. W. McKinnon as agent for shareholders, and might be sued upon by him as such agent; it being alleged and proved that he had been appointed and qualified as the agent for the shareholders and was acting in that capacity at the time of suit. The same principle is to be applied to the case as would be applied to a note made "to A. B., Cashier." As such a note would be the property of the bank, and could be sued on by it, so this note belongs to the office which McKinnon occupies.

[2] This brings us to a second question, which was argued at some length, and which involves the right of the court to allow amendments to the complaint to be made at the trial. At the close of the testimony counsel for plaintiff asked to be allowed to amend his complaint to conform to the proof. The original complaint declared that Heinze had delivered his promissory note to the plaintiff. The amendment proposed was that it be made to read that the note was delivered "to the plaintiff as such agent for shareholders." It was also proposed to add the following paragraph:

"Said note was given in settlement of certain claims against said F. Augustus Heinze, which at the time of the appointment of Charles A. Hanna as receiver of the National Bank of North America in New York were assets of said bank, which claims were later duly transferred to said Charles A. Hanna as such receiver, and by him as such receiver were duly transferred to plaintiff as agent for shareholders of the National Bank of North America in New York. Plaintiff has at all times since the delivery of said note held it, and still holds it, as agent for shareholders as aforesaid."

The original complaint stated that "the plaintiff duly presented to the defendant a claim on account of the said promissory note," etc. This it was proposed to amend to read "the plaintiff *as such agent* duly presented," etc. The original complaint read, "The defendant served notice in writing upon plaintiff that she rejected the said claim," etc. This it was proposed to amend to read, "The defendant served notice in writing upon plaintiff *as said agent* that she rejected said claim." The original complaint read, "There is now due and owing on said note to the plaintiff from the defendant." This it was proposed to amend to read, "There is now due and owing on said note to the plaintiff *as said agent* from the defendant." The original complaint read, "Plaintiff demands judgment against the defendant." This it was proposed to amend to read, "Plaintiff *as said agent* demands judgment against the defendant."

All these amendments the court allowed to be made over the objection of the defendant. And their allowance has been assigned for error. If we assume for the purposes of the case that the original complaint was defective in the particulars in which the above amendments were made, we should nevertheless have no difficulty in holding that the court was not in error in allowing the amendments to be made. The amend-

ments were within the discretion of the court. See United States Revised Statutes, § 954 (Comp. St. 1913, § 1591). In allowing them to be made the court served the ends of justice. To have refused their allowance under the circumstances would have been to adhere to a practice no longer in favor which sacrificed justice to technical rules. The original pleading did not mislead the defendant to her prejudice, as the amendments did not in any way change the note upon which the action was brought. The evidence clearly showed that the plaintiff. was suing in a representative capacity.

In this case there was no abuse of discretion in allowing amendments to be made which conformed the pleadings to the proof. No doubt it might be reversible error in some cases to amend a complaint to conform to evidence not admissible under the original complaint, and which was objected to and admitted under exceptions. But the cases in which that would be true would be confined to amendments which affected substantial rights going to the actual merits of the case. The right to make amendments which do not affect substantial rights and go to the actual merits of the case should not be denied upon the theory that it involves an invasion of the other party's right to the benefit of his exception.

Judgment affirmed.