[No. 24600.   Department Two.   November 10, 1933.]

ROSIE LOCKE *et al., Respondents,* v. MIKE ANDRASKO, *as Executor, et al., Appellants.*[1]

[1]Reported in 26 P. (2d) 1046.

124

*Henderson, Carnahan & Thompson,* for appellants.

*H. G.* and *Dix H. Rowland* and *W. E. Gwynn,* for respondents.

HOLCOMB, J.—This action was begun originally in the court below by respondents herein, on behalf of themselves and as assignees of George Chopeck, Andrew Chopeck and Anna Brown, formerly Anna Chopeck, against Tom Kaperak, Barbara Kaperak, Andrew and Thomas Chopeck, and Marie Winjun, as defendants, by filing the summons and complaint, with proof of service, on February 5, 1930. After the commencement of the action below, Tom Kaperak died testate in Pierce county. Mike Andrasko was duly appointed and qualified as executor of his estate, and was appointed guardian of the person and estate of his

minor son, Tom Kaperak, Jr. An amended complaint was thereafter filed in the court below on May 7, 1932, making the executor of the will of Tom Kaperak and the guardian of Tom Kaperak, Jr., parties defendant.

Both the original and the amended complaint allege that Barbara Kaperak was formerly the wife of Frank Chopeck, who was killed in a coal mine accident, by reason of which sixteen hundred dollars was paid for the benefit of the five minor children of Frank and Barbara Chopeck, to-wit: Rosie Chopeck, now Rosie Locke; Susie Chopeck, now Susie Martin; George Chopeck; Andrew Chopeck; and Anna Chopeck, now Anna Brown. It is alleged that, in order that the money awarded to the children as damages might be paid over to a competent person, on June 9, 1910, Barbara Chopeck, who had then married Tom Kaperak, was appointed guardian of the personal estate of the minors by the superior court of that county, and duly qualified as such by filing her bond in the sum of three thousand dollars, conditioned as required by law; and that, after such appointment and qualification, when the children were of the following ages: Susie fourteen months, Rosie three years, Anna six years, George nine years, Andrew twelve years, she applied to the court for leave to mortgage real estate therein described, situate in Pierce county, for the sum of fifteen hundred dollars, for the purpose of purchasing the real estate described; that, after a hearing, the court duly ordered that amount of money loaned to Tom Kaperak and Barbara Kaperak upon their promissory note to be dated April 4, 1912, bearing interest at six per cent per annum, to be due seven years after date, and to be secured by a first mortgage upon the property therein described, which mortgage was to be taken in the name of one Mike Bucho as trustee for the minor children of Frank and Barbara Chopeck; that the note and mort-

gage were thereupon duly executed, as required by the order of the court, and delivered to Mike Bucho as trustee; that the mortgage was thereupon duly recorded, on April 4, 1912, in the office of the auditor of Pierce county, Washington, and a copy of the mortgage was attached to both the original and the amended complaint.

It was further alleged that Barbara Kaperak, as guardian of the minors, has never made an accounting to them, and that no money, either of the principal or interest, represented by the note and mortgage, has ever been paid to them or accounted for in any manner whatsoever, and that an accounting and the moneys due them has been demanded by Anna Brown, George Chopeck and Andrew Chopeck, but that the guardian had failed, neglected, or refused, either to account for or to pay any of such wards the money due them. It is further averred that Tom Kaperak left surviving him two minor children, Mary Kaperak and Tom Kaperak, Jr., who are also the children of the defendant Barbara Kaperak; that, prior to his death, Tom Kaperak had been divorced from Barbara Kaperak, and in the divorce proceedings the property described in the mortgage had been awarded to him by decree of court.

There are further averments that, on March 1, 1921, the mortgage to Mike Bucho, trustee, was by him satisfied of record in the office of the county auditor of Pierce county, by an instrument filed for record on that date, but that respondents and Andrew Chopeck, George Chopeck, and Anna Chopeck learned and discovered, in July, 1929, for the first time, that the mortgage had been satisfied of record by the trustee. It is then alleged, on information and belief, that the mortgage was never paid, nor the interest thereon, and that Tom Kaperak and Mike Bucho connived, schemed and

conspired together for a fraudulent purpose to satisfy the mortgage and deprive respondents and Andrew, George and Anna Chopeck of their security, money and lien upon the property secured by the mortgage; that Tom Kaperak coerced and induced Mike Bucho to satisfy and release the mortgage through fraudulent misrepresentation and coercion; and that the sum represented by the mortgage and note was never paid to Bucho as trustee, or at all, was never paid to respondents or any of the wards of the guardian Barbara Kaperak by her or by Bucho; and that the satisfaction of the mortgage was fraudulent.

It is alleged that, if Tom Kaperak ever paid the mortgage and the interest thereon to Bucho as trustee, Bucho paid the same back to Kaperak to be delivered and paid to the guardian, and that Kaperak wilfully and unlawfully converted it to his own use and failed to pay any sum whatever either to the guardian or to respondent, or George, Andrew or Anna Chopeck; and that there is now due and owing from Tom Kaperak to them the sum of $4,810.62, which includes the principal of fifteen hundred dollars and accumulated interest to the date of filing the amended complaint.

There is further allegation that Tom Kaperak and Bucho falsely and fraudulently conspired together in procuring the satisfaction of the mortgage and making it appear that the mortgage was paid and satisfied when it was not, and by their acts and conduct a trust was created in favor of respondents and George, Andrew and Anna Chopeck in the note and mortgage and in the mortgaged premises to the extent of the amount due upon the note and mortgage. It is further alleged that Mike Bucho, the trustee named in the mortgage, is dead and no successor was ever appointed for him, and that respondents are the equitable owners of the note and mortgage.

The answer of appellants, besides denying the fact of nonpayment, sets up three affirmative defenses; (1) that the cause of action was barred by the general statute of limitations; (2) that it was barred by the reason of the failure of respondents to file their claims in the probate proceeding covering the estate of Tom Kaperak; and (3) owing to the death of all material witnesses and the fact that there had been no concealment, they were estopped by laches from maintaining the action.

Barbara Kaperak defaulted at the trial, and testified as a witness for respondents. The trustee being dead, his testimony of course could not be obtained as to whether the money had been paid to him prior to the satisfaction of the mortgage. Tom Kaperak also was dead, and his testimony could not be obtained.

We have read the testimony of Barbara Kaperak, and find it very vague, evasive and unsatisfactory; yet the court found that the money had not been paid by herself and Tom Kaperak to Bucho, the trustee. By her default, she admits the allegations that she never made an accounting of her guardianship. Consequently, she has never been discharged. Another witness also testified that Tom Kaperak once admitted in his presence in a conversation with Barbara that the mortgage for the children was still on the real estate. He gave no details as to what mortgage was being discussed. He gave no date of the alleged conversation, but it was during the negotiations for a property settlement in the divorce case. The trial court refused to find that there was any fraud and collusion between Tom Kaperak and Bucho, the trustee.

The testimony generally was unsatisfactory, disclosing, as the trial judge said, that "the whole thing was rather unsavory." He also, at first, expressed grave doubt as to whether the mortgage could be enforced;

but finally found and concluded that it could be, as to all the wards.

■ There is a presumption of innocence that must attach to the act of the trustee in satisfying the mortgage. *Prevost v. Gratz*, 19 U. S. 481, 5 L. Ed. 311. Therefore, it must be held as established in this case that there was no fraud on the part of the trustee. It cannot be disputed that the trustee had the right to receive the money due on the debt and mortgage when due. The release was entered of record nearly two years after maturity. This trustee's authority was express, definite, and positive. He was not a trustee with whom the debtors, guardian, or wards, would deal with at peril, as in cases cited by respondents.

■■ Under Rem. Rev. Stat., § 169, if a person entitled to bring an action be under the age of twenty-one years, the time of such disability shall not be a part of the time limited for the commencement of action. It is conceded by all parties hereto that this action, being one based upon written instruments for the recovery of money and foreclosure of a mortgage, is governed by the six-year statute. Contrary to the argument of respondents, the disability as to each one of the minors was removed as each became of age. That is the effect of our decisions under our statute. *May v. Sutherlin*, 41 Wash. 609, 84 Pac. 585; *McMillan v. Walker*, 48 Wash. 342, 93 Pac. 520; *Owens v. McMahan*, 122 Wash. 191, 210 Pac. 200.

The satisfaction of the mortgage being a matter of public record from March 1, 1921, those beneficiaries whose rights accrued within six years cannot be heard to say that they had no knowledge or notice of that release until July, 1929, or of the fraud, if any, in its satisfaction. All of them lived and still live in Pierce county, where the records were made. As each be-

came of age, he or she was charged with constructive notice of the satisfaction. Any right of action belonging to each against Bucho as trustee, or Barbara Kaperak as guardian, or Tom Kaperak as fraudulent converter of the money or any part thereof, accrued, and the statute immediately began to operate.

Andrew Chopeck became of age on December 22, 1918, and George Chopeck became of age April 15, 1921. It thus appears that a period of more than six years elapsed between the time that they became of age and the institution of this action in February, 1930.

The record also shows that Anna Brown, after her marriage, borrowed eight hundred dollars from her mother, the guardian, and Tom Kaperak, upon which nothing has been paid. The interest of each of the heirs is three hundred dollars and interest. Even though the six-year statute had not expired when Anna received the eight hundred dollars, her proportionate share can be applied as the payment on the debt she owes her mother, the guardian. The same situation exists as to George Chopeck, who borrowed seven hundred fifty dollars from his step-father and gave a note and mortgage therefor. Respecting those three children, the judgment was manifestly erroneous, and should be modified to eliminate any part of their proportionate recovery.

As to the other wards against whom the six-year statute has not run, appellant vigorously contends that they are also bound by the statute of limitations because the trustee would be bound. Many authorities and texts are cited to sustain that contention, but an examination of the cases and texts shows that the rule applies only when the interests of strangers, or third persons, are not involved. Thus, in the case of *Patchett v. Pacific Coast Railway Co.*, 100 Cal. 505, 35 Pac. 73, a third person had been holding as grantee

of an easement adversely to the trustee and beneficiary. The California statute provided, as does our statute, Rem. Rev. Stat., § 180, which is relied upon by appellants, in effect, that the trustee of an express trust, or a person authorized by statute, may sue without joining the person for whose benefit the suit is prosecuted. A statement by Lord Hardwicke was there approved as follows:

"The rule that the statute of limitations does not bar a trust estate holds only between *cestui que trust* and trustee, not as between *cestui que trust* and *trustee* on one side, and *strangers* on the other; . . ."

In the California case, the right of a stranger was involved. It is always the rule, where title, or the right to a thing, is involved, if there be strangers' rights involved, the statute is given effect. See notes, 2 A. L. R. 41 and 54. The same situation existed in *Meeks v. Olpherts,* 100 U. S. 564, 25 L. Ed. 735, relied upon by appellants.

In one of the texts cited by appellants, 37 C. J. 1020, although stating that, in a majority of jurisdictions, where the title or right of action vests in a personal representative, guardian, or trustee, the statute of limitations begins to run notwithstanding the minority of the beneficiary, and where the former is barred by the statute, the latter is likewise barred, but continues:

"In a few jurisdictions, however, a contrary doctrine prevails, and a minor may sue within the statutory period after attaining his majority, even where the representative or trustee is barred by the statute."

That seems to be the settled rule in this state under our statute and the cases heretofore cited. In the instant case, no stranger is involved except defendant Winjun, who obtained a favorable judgment, establishing the priority of a subsequent mortgage.

Other cases are cited by both appellants and re-

132

spondents which, upon examination, show little or no application to the situation in hand.

The statute of nonclaim (Rem. Rev. Stat., § 1477) cannot apply here because no personal, deficiency judgment is demanded by respondents against the estate of Tom Kaperak. Cf. *Davis v. Shepard,* 135 Wash. 124, 237 Pac. 21, 41 A. L. R. 163 (not cited by respondents).

As to the defense of laches, no laches can be imputed to those children who are within the statutory period of limitations even after the lapse of twelve years, though two of the parties to the transaction and material witnesses are dead. Kaperak died comparatively recently, and they had the full time of the statute of limitations to proceed against him and Bucho, or his estate, for recovery, after reaching majority. Cf. *Meyer v. Trantum,* 135 Wash. 449, 237 Pac. 1006 (not cited).

We conclude that the findings and decree must stand as to respondents as to their original interests alone, and be modified to deny any recovery to the others named, for the reasons herein stated.

The case is remanded with instructions to enter judgment in conformity herewith. Appellants will recover costs of appeal.

Beals, C. J., Tolman, Blake, and Geraghty, JJ., concur.