[No. 28720. Department Two. September 23, 1942.]

HELEN W. HANSEN, *as Administratrix, et al., Respondents,* v. MARTIN LINDELL *et al., Appellants.*[1]

[1]Reported in 129 P. (2d) 234.

*Medley & Haugland,* for appellants.

*Riddell & Riddell,* for respondents.

JEFFERS, J.—This action was instituted in the superior court for King county by Swen G. Hansen and Helen W. Hansen, his wife, the duly appointed and qualified guardians of the estate of Helen Patricia Lundberg, a minor, after authority so to do was granted on March 29, 1940, by the probate court in cause No. 61256, and by Helen W. Hansen, as the duly appointed, qualified, and acting administratrix of the estate of Winifred Lundberg, deceased, against Martin Lindell and Violet Lindell, his wife. The amended complaint, after alleging the appointment of the above named guardians and the above named administratrix, and their authorization from the court to bring this action, further states that the action was brought for the benefit of the minor.

It is alleged that, on October 23, 1929, defendants, Martin Lindell and wife, for a valuable consideration, to wit, a loan to them of one thousand dollars of the minor's money, which defendants knew to be the money of the minor, made, executed, and delivered to Winifred Lundberg, guardian of the minor, their negotiable promissory note in the principal sum of one thousand dollars. The note is then set out in full. The instrument is dated October 23, 1929, and reads in part:

"On or before five years after date, without grace, I promise to pay to the order of Winifred Lundberg, *Guardian of Helen Patricia Lundberg,* the sum of One Thousand and no/100 Dollars, for value received, with interest at the rate of six per cent. per annum from date until maturity, interest payable annually, and if not so paid, the whole of this note, both principal and interest, shall forthwith become due and payable without demand." (Italics ours.)

It is further alleged that defendants have failed and refused to pay the note or any part thereof, and that the entire amount of principal and interest is now due and owing.

Defendants filed an answer to the amended complaint, wherein, in addition to denying the allegations of the complaint, they set up two affirmative defenses, in the first of which they allege

" . . . that any and all obligations which may, or might have, at one time existed between the defendants herein and Winifred Lundberg, were by the said Winifred Lundberg, during her lifetime, canceled as settled and paid in full, and that there is not now due and owing from these defendants to the plaintiffs any sums whatsoever."

The second affirmative defense consists of a plea of the statute of limitations. Plaintiffs by their reply denied the matter set up in the affirmative defenses.

The cause came on for hearing before the court, and, after the hearing and on January 10, 1942, the court made and entered its findings of fact, conclusions of law, and judgment in favor of Swen G. Hansen and wife, as guardians of the minor, the administratrix of the estate of Winifred Lundberg, deceased, having been dismissed from the case. Motion for judgment notwithstanding the decision of the court, or in the alternative for a new trial, having been made and denied, this appeal by defendants followed.

Error is based on the refusal of the court to sustain appellants' motion for a nonsuit at the close of respondents' case; on the entry of judgment for respondents, as guardians of the minor; on admission of hearsay testimony; and on the court's failure to enter judgment for costs against respondent Helen W. Hansen, as administratrix of the estate of Winifred Lundberg, deceased.

■ At the outset, respondents contend that, no assignment of error having been predicated upon the findings of fact, we must accept them as the established facts in the case.

It may be stated as the general rule that, in the absence of an assignment of error directing its attention thereto, an appellate court will not review findings of fact. 5 Bancroft's Code Pleading, Practice and Remedies (10 yr. Sup.) 4332, § 7104; 4 C. J. S. 1727, § 1230. There are, however, certain well-recognized exceptions to this general rule. Thus it has been held, under exceptions as to plain or fundamental errors apparent of record, that the appellate court will consider, without any assignment of error, a jurisdictional or other plain or fundamental error in the judgment or decree, or in the rendition or entry thereof, and the same is true of the objection that the special findings of fact by the trial court are insufficient to support the judgment, or that the findings are too conflicting or uncertain to support the judgment.

Rule XXI, Rules of the Supreme Court, 193 Wash. 28-a, recognizes the general rule, as it states that no alleged error of the superior court will be considered by this court unless the same be clearly pointed out in the appellant's brief. This rule also recognizes that objection that the lower court had no jurisdiction of the cause, or that the complaint does not state sufficient facts to constitute a cause of action, or that this court

has no jurisdiction of the appeal, may be taken at any time.

Therefore, unless appellants' assignments of error question the accuracy of the findings, or unless this case comes within some exception to the general rule, we must accept the findings of fact as the established facts in the case. *LeCocq Motors, Inc. v. Whatcom County,* 4 Wn. (2d) 601, 104 P. (2d) 475.

Appellants in this case having failed to predicate any error upon the findings of fact, and it not appearing that, under any exception to the general rule recognized by rule XXI itself, or by the decision in *State ex rel. Rand v. Seattle,* 13 Wn. (2d) 107, 124 P. (2d) 207, would we be justified in going behind the findings of fact, we must accept them as the established facts in the case. However, we have read the statement of facts, and find substantial evidence to support the findings of the trial court.

The court found that appellants were husband and wife; that respondents were the duly appointed guardians of Helen Patricia Lundberg, a minor, and that Helen Lundberg is still a minor; that the guardians were by the court authorized to bring this action for the benefit of the minor; that, on October 23, 1929, the minor owned a sum of money which was on deposit in the Dime and Dollar Savings Bank at Seattle, the account having been opened for her by Winifred Lundberg, her mother, the account standing in the name of "Winifred Lundberg, Guardian of Helen Patricia Lundberg"; that, at the time of opening the account, Winifred Lundberg had not been appointed guardian of the minor; that, on the date mentioned, Winifred Lundberg loaned to appellants one thousand dollars of the money in the account, the loan being represented by the negotiable promissory note above referred to, which appellants executed and delivered to Winifred

Lundberg; that, at the time appellants received the money, they knew it was the minor's money, and they delivered the note with the intention of evidencing a loan to them of the money of the minor; that appellants and each of them have failed, neglected, and refused to pay the note or any part of the loan, and the entire amount of principal and interest thereon is now due and owing to the minor.

Appellants' first assignment of error is based on the refusal of the court to sustain their motion for nonsuit at the close of plaintiff's case.

We have uniformly held that, where such a motion is made and denied, and the defendant does not stand upon his motion, but proceeds to introduce testimony in support of his defense, the motion must be deemed to have been waived, and the case then stands, not upon the evidence of the plaintiff alone, but upon the case as made by all of the evidence. *Kohout v. Brooks,* 185 Wash. 4, 52 P. (2d) 905; *Wilder v. Nolte,* 195 Wash. 1, 79 P. (2d) 682.

The first question presented is whether or not the minor, Helen Patricia Lundberg, by and through her present guardians, may sue upon this note. This necessitates a consideration of the effect to be given to the words "guardian of Helen Patricia Lundberg," appearing after the name of the payee. Conceding, for the sake of this appeal, that those words are, *prima facie* at least, merely *descriptio personae,* we must still determine whether this presumption may be refuted by other facts.

A written contract or instrument which is clearly ambiguous may be explained by parol evidence. *State Bank of Wilbur v. Phillips,* 11 Wn. (2d) 483, 119 P. (2d) 664. This rule has been applied to negotiable notes as between the original parties or holders who take with notice of all the facts. Appellants in this

case, being the original makers of the note, and knowing all the facts, are in no position to object to the use of parol evidence to clarify such ambiguity as may exist, if any.

█ The question, then, to be determined is whether or not the addition of the words "guardian of Helen Patricia Lundberg" creates an ambiguity. Although cases may be found in other jurisdictions in which the courts have held that the addition of words such as "guardian," "trustee," "executor," "president," and similar terms, does not create an ambiguity, we believe the better rule is expressed by those cases which hold an ambiguity to exist. *Bank of Spruce Pines v. Vance*, 205 N. C. 103, 170 S. E. 119; *Taylor v. Fluharty*, 35 Idaho 705, 208 Pac. 866.

We are of the opinion that the cases from this state cited by appellants are not inconsistent with the view last above set out. In fact, the case of *Griffin v. Union Savings & Trust Co.*, 86 Wash. 605, 150 Pac. 1128, is in accord with such view. The cited case involved the interpretation of a guaranty signed "O. B. Woolley, Manager." The guaranty was written on a letterhead of the branch bank, at the top of which was printed the name of the trust company, the names and official capacities of its various officers, and Woolley's name as manager of the Renton branch. The court concluded that the guaranty was *prima facie* the undertaking of Woolley rather than that of the bank, and that the words were merely *descriptio personae*. However, it was the opinion of the court that the instrument was sufficiently ambiguous that parol evidence could be introduced to show the true intention of the parties. The court held that O. B. Woolley was individually liable, because he had failed to sustain the burden of proof that he was not to be individually responsible.

In *Toon v. McCaw*, 74 Wash. 335, 133 Pac. 469, also

cited by appellants, the court found there was no ambiguity in a note reading "One year after date, without grace, *we* promise to pay to the order of . . .," and signed "Aberdeen Tug Boat Co., Thos. Willikson, Cash Manley, Swen Johnson." It was claimed by Willikson, Manley, and Johnson that this was a note of the corporation only. The court stated that there was nothing upon the face of the note to indicate that it was the note of the corporation *only,* or that it was other than the joint obligation of all the makers. However, we recognized the rule that

"As between the original parties, and where there is something on the face of the instrument that suggests a doubt as to what particular party is bound, and the court cannot by inspection determine the question from the paper itself, parol evidence is admissible to show the true intent and meaning of the persons executing the instrument."

In the case of *Daniel v. Glidden,* 38 Wash. 556, 80 Pac. 811, an action was brought upon a written instrument signed "H. M. Glidden, Secy. Wm. H. Buttner, President." It will be observed that no principal was disclosed by the above signatures. It was held the signers were individually liable.

In the case of *Union Machinery & Supply Co. v. Taylor-Morrison Logging Co.,* 143 Wash. 154, 254 Pac. 1094, where suit was instituted upon a promissory note signed by "Taylor Morrison Logging Co. J. B. Wood, Pres. J. L. Kahaley, Sec.," we denied recovery against Wood and the estate of Kahaley, holding that the note was the obligation of the logging company only. Parol testimony was admitted to show the intention of the parties.

We are of the opinion that the note in question is ambiguous, in that it does not clearly appear whether the note is payable to Winifred Lundberg in her individual capacity, or to Winifred Lundberg for the

minor, and, this being true, we are further of the opinion that we may look to the surrounding facts to determine what the parties actually intended.

Assuming again that the note shows *prima facie* that it is payable to Winifred Lundberg in her individual capacity, this may be refuted by showing that the minor was in fact the real owner of the note.

It has been held that a corporation may show itself to be the actual payee of a note payable to one of its officers designated by such words as "X, secretary of Y corporation," by showing the source of the consideration for the note and the facts leading up to its execution. 1 Williston on Contracts (Rev. ed.) 889, § 304; *Fleitman v. McKinnon*, 238 Fed. 98. By analogy, it would seem that in the instant case parol evidence was admissible to establish whom the parties intended to be the real owner of the note.

The court found that appellants, at the time they received the money evidenced by the note, knew it was the money of the minor, and that appellants executed and delivered the note to Winifred Lundberg with the intention of evidencing a loan to them of the minor's money. Regardless, then, of whether or not Winifred Lundberg, at the time of making this loan, was the legal guardian of the minor, the only conclusion which can be reached is that, when appellants named "Winifred Lundberg, Guardian of Helen Patricia Lundberg," as payee, it was intended by all the parties that the minor was to be the actual owner of the note, and that the note was not to be payable to Winifred Lundberg in her individual capacity.

It is impossible, under the circumstances of this case, to understand why the words "guardian of Helen Patricia Lundberg" were placed after the payee's name, unless it was to clearly indicate that the mother was named payee only in her representative capacity.

The importance of showing surrounding facts to explain instruments executed in form similar to the one in this case, is shown by the case of *Coniff v. Hunnicutt*, 157 Ga. 823, 122 S. E. 694. The cited case involved an attempt by plaintiff children to set aside a sale of property made by their father while they were minors. In the bond for title, the father was referred to as "C. L. Cason, guardian," and the notes for the payment of the purchase price were made payable to C. L. Cason, guardian. Although the court recognized that such words as "guardian" are usually merely *descriptio personae*, it still permitted the children to show the actual facts, stating its position as follows:

"The addition of the word 'guardian' to the name of the obligor in a bond for title, or to the payee in notes given for the purchase-money of lands embraced in such bond, may, as between the parties, be treated as descriptio personæ, and such bond, as between the parties, will be treated as the individual obligation of the maker, and such notes will be held payable to the payee therein individually. But while this is so, where a father undertakes to sell land of his minor children, as their guardian, when he is in fact only their natural guardian, and is without authority to sell the same, his children, in an action to recover their interests in such land, can show this state of facts in order to defeat the title of his vendee."

Since the lower court allowed the present guardian of the minor in this case to recover, it must have impliedly found the note was not payable to Winifred Lundberg in her individual capacity. As in the case of express findings of fact, there must be specific assignments of error before this court will go behind the findings. In *Redo Y Cia v. First Nat. Bank of Los Angeles*, 200 Cal. 161, 252 Pac. 587, the court stated:

"Before considering the amount of damages awarded to the appellant it may be said that by returning a

verdict favorable to the appellant the jury impliedly determined that the evidence in the case was sufficient to show a dishonor of the two bills of exchange by the drawee bank and a waiver by the respondent drawer bank of the formality of protest. As these implied findings of the jury are not attacked on this appeal the correctness thereof will not now be questioned."

In the instant case, while appellants' challenge to the validity of the judgment properly raised the question of law as to whether or not the note was ambiguous, the assignments of error are not sufficient to go behind the findings.

Appellants have cited the case of *Hansen v. Stimson Mill Co.*, 195 Wash. 621, 81 P. (2d) 855, to establish that Winifred Lundberg was the legal custodian of the funds of which the money claimed herein to belong to the minor is a part, and had legal title to them, and that therefore the money loaned to appellants was not the money of the minor. We do not think the cited case is authority for this contention. In that case, this court only determined that Winifred Lundberg, as administratrix of the estate of her deceased husband, was entitled to bring an action for wrongful death, without joining the minor herein, who was one of the deceased's beneficiaries; and also, that Mrs. Lundberg, as administratrix, had the right to compromise the claim. The decision in that case went no further. While the cited case recognized the right of the administratrix to recover the amount of the judgment, without apportioning the part that belonged to her and the part that belonged to the minor, it did not purport to be a determination as to the right of the minor to participate in the money. Furthermore, in view of our conclusion that we cannot in this case go behind the findings of fact, the source of the money loaned to appellants is not material.

Appellants also argue that the note could not

be payable to the mother as guardian, because of the mother's failure to complete the steps necessary to establish this relationship. While it is true that the mother was not the legal guardian of Helen Patricia, nevertheless appellants dealt with the mother as guardian of the estate of the minor; they accepted the money which they knew to be the minor's; and they executed the note to the mother as guardian, knowing these facts. Therefore, after having received the benefits of the loan as the result of the mother's asserting control over the money of the minor, they should not be allowed to challenge the right of the minor, through her guardians, to bring this action. *Abilene State Bank v. United States Fidelity & Guaranty Co.,* 37 S. W. (2d) (Tex. Civ. App.) 815; *First Nat. Bank of Ryan v. Southwestern Surety Ins. Co.,* 95 Okla. 259, 219 Pac. 690.

The two cases cited by appellants are not controlling. The first case, *Vanhorn v. Nestoss,* 99 Wash. 328, 169 Pac. 807, was an action brought by the guardian *ad litem* of certain minors to have declared illegal and void a sale of real estate in a guardianship proceeding. The complaint attacked the sale as illegal and void, because the guardian had given no bond. We held the sale was void, and allowed the *minors* to set aside the sale and have the title to the property quieted in them, on the theory that the giving of a bond by the guardian was jurisdictional, and, no bond having been given, the court was without jurisdiction to make the sale. Neither is the case of *Mood v. Mader,* 162 Wash. 83, 298 Pac. 329, in point.

█ █ Since we have concluded that this note was payable to the mother for the benefit of the minor, and that Helen Patricia was the real owner of the note, the next question presented is whether the minor, by her present guardians, may sue upon it. By giving the

note in the form they did, it seems to us appellants acknowledged that the beneficial interest thereto was in the minor, and that the debt was due her; that the minor was the person actually entitled to the funds.

A successor guardian may recover upon a note which has been made payable to his predecessor, as "guardian of a named ward." See *Cocke v. Rucks,* 34 Miss. 105, wherein the note sued on was in form practically the same as the note in the instant case. A successor guardian may foreclose a mortgage given by the defendants to a former guardian, since deceased. *Norton v. Ohrns,* 67 Mich. 612, 35 N. W. 175. It has also been held that, upon the termination of the guardianship, the ward may sue upon a note made payable to the prior guardian, as guardian of certain named minors of which the plaintiff was one, since in effect such obligation was payable to the wards. *Usry v. Suit,* 91 N. C. 406. As a real party in interest, he is entitled to maintain the suit. *Zellars v. National Surety Co.,* 210 Mo. 86, 108 S. W. 548.

In the instant case, the ward was the real party in interest. The mother was named payee only because she had undertaken the control of the minor's property. The ward, then, as actual payee, had the right to bring this suit through her guardians, even though her mother, as nominal payee, during her lifetime could also have sued upon it for the benefit of the minor.

■■■■■ Appellants contend that the principal question to be considered is whether the statute of limitations has not operated to bar a recovery herein, even though it be conceded that Helen Patricia had an equitable interest in the note, appellants arguing that the right of action was in Winifred Lundberg, during her lifetime, and even though it be held that this right was in her as trustee, the statute continued to run dur-

ing her lifetime, and having run against the trustee prior to the institution of this action, is a bar to the bringing of the action by the minor.

Whatever the rule may be in other jurisdictions, we are satisfied that the above rule is not the one followed in this state, under facts such as were found to exist in this case. *Locke v. Andrasko*, 175 Wash. 123, 26 P. (2d) 1046. While it may be admitted that the facts in the *Locke* case are not identical with those in the instant case, we think the principle announced in the cited case is applicable here. The position of this court was clearly stated in the cited case as follows:

"In one of the texts cited by appellants, 37 C. J. 1020, although stating that, in a majority of jurisdictions, where the title or right of action vests in a personal representative, guardian, or trustee, the statute of limitations begins to run notwithstanding the minority of the beneficiary, and where the former is barred by the statute, the latter is likewise barred, but continues:

" 'In a few jurisdictions, however, a contrary doctrine prevails, and a minor may sue within the statutory period after attaining his majority, even where the representative or trustee is barred by the statute.'

"That seems to be the settled rule in this state under our statute and the cases heretofore cited."

Therefore, although the mother in this case took the legal title in herself for the benefit of the minor, the statute will not be held to have run against the minor. The justness of this rule as applied to this case is evident. The lending of the money and the taking of the note by the mother were both unauthorized acts. Throughout her life, the mother apparently made little effort to obtain from her sister, Mrs. Lindell, the funds for the minor. The mother was acting without bond, which would in a normal case be a protection to the ward's estate, and without the control and supervision

of the court. We are satisfied that, as equitable owner of this note, the minor should not, because of the neglect of the mother, who was at most a volunteer guardian or some type of trustee, be precluded from bringing this action. We are satisfied that our conclusion is sustained in principle both by the *Locke* case, *supra,* and the case of *Goodwin v. American Surety Co.,* 190 Wash. 457, 68 P. (2d) 619.

Appellants also base error on the refusal of the court to strike certain testimony which they contend was hearsay. The testimony introduced concerned conversations about the note had with Winifred Lundberg while in the hospital just prior to her death, and which tended to show merely that she did not consider that the note had been paid. Even if the admission of this testimony constituted error, it was not reversible error, as there was sufficient evidence in addition to this testimony to sustain the conclusion that the note had not been paid, and the admission of the testimony complained of would be harmless error. *Doyle v. Langdon,* 80 Wash. 175, 141 Pac. 352; *Percy v. Miller,* 115 Wash. 440, 197 Pac. 638.

It is finally contended that the court erred in failing to enter judgment for costs against plaintiff Helen W. Hansen, as administratrix of the estate of Winifred Lundberg, deceased, who, on motion of appellants at the close of plaintiffs' case, was dismissed from the litigation as a party plaintiff. This assignment of error is without merit. The administratrix was joined as party plaintiff as a precautionary measure. There was but one cause of action stated and that was on the note, and appellants were in no way prejudiced by the joining of this plaintiff.

Judgment affirmed.

ROBINSON, C. J., BEALS, BLAKE, and MILLARD, JJ., concur.