[No. 30385. Department Two. May 6, 1948.]

SAM MACRI *et al.*, *Respondents*, v. ALFRED A. BERGEVIN, *Appellant.*[1]

[1]Reported in 193 P. (2d) 360.

*Lee Olwell,* for appellant.

*Brethorst, Holman, Fowler & Dewar* and *A. T. Bateman,* for respondents.

MALLERY, C. J.—The defendant, Alfred A. Bergevin, doing business as Bergevin-Seattle Construction Company, had a construction job on the "Sky Ranch Airport" near Renton which required the moving of some earth. He rented a scraper from the plaintiffs. The pertinent parts of the rental agreement provided as follows:

"MACRI BROTHERS, a partnership, owners of the hereinafter named equipment, do rent to one Bergevin-Seattle Construction Company, 4115 West Hudson Street, Seattle, Washington, one Woolridge, 10 yard Scraper.

"Monthly rental, minimum rental one month, bare rental basis per O. P. A. rate *to be paid each month* to Macri Brothers, 905 10th Avenue South, Seattle 4, Washington.

. . .

"Rental to start October 10, 1945, basis for work is an 8 hour day." (Italics ours.)

It will be noted that the price to be paid was not specifically set out in the contract but was agreed upon by reference to the OPA rates, which set three hundred fifty dollars as the maximum monthly rental rate permitted. Maximum price regulation No. 134, § 1399.2, which was then in effect, further provided:

"(c) Monthly rental rates.—For any construction or road maintenance equipment:

"(1) Which is not in actual use for more than 240 hours during one monthly period, the maximum rental price shall be the rental price calculated upon the basis of the applicable rate 'per month' in the Table of Rates set forth in Appendices A, B (b), or B (c), unless otherwise specifically provided therein.

"(2) Which is in actual use for more than 240 hours during one monthly period, the maximum additional rental price for each additional hour, or part of an hour, of such actual use shall be the rental price calculated upon the basis of 1/480 of such applicable rate 'per month.'"

The reference to the "bare rental basis" is defined in the OPA maximum price regulation No. 134:

"(9) (i) 'Bare' basis refers to any lease, contract, or understanding (except such as is described in (iii) below), regardless of whether the same is denominated a rental agreement, or forms a part of another agreement, whereby one party undertakes to furnish another party with any construction or road maintenance equipment, without supplying any operating and maintenance services required in connection therewith, for any use and for any consideration, regardless of how such consideration is determined."

The defendant took possession of the scraper on October 10, 1945, and returned it January 12, 1946.

From a judgment in favor of the plaintiffs for the amount of the accrued rent and repairs due, the defendant appeals.

The appellant concedes that the amount of the judgment is proper if the court's construction of the contract is correct. The appellant contends that the question involved here is

". . . as to whether appellant was required to pay for the equipment during the total time it was in his possession or only during such period of time as he was able to use it."

As to this, he says:

"If it were the intention of the parties to provide for a flat monthly rental, regardless of the use of the equipment, there could be no conceivable purpose in providing in the contract 'Basis for work is an eight-hour day.' "

Appellant contended that the purpose of such language was to indicate that the rental price was predicated upon the use of the equipment. In support of this theory, the appellant took the position that the contract was ambiguous, and he made an offer of proof for the purpose of explaining the ambiguity in accordance with this contention. The trial court held that the contract was not ambiguous and sustained an objection to the offer of proof.

The appellant assigns as error the exclusion of oral testimony directed to the intention of the parties at the time of making the contract. The rule that such a written instrument cannot be varied or modified by parol evidence

is too well established to require citation of the innumerable cases in its support.

The appellant, however, contends that this is a proper case to invoke another rule, as stated in the case of *Hansen v. Lindell,* 14 Wn. (2d) 643, 129 P. (2d) 234: "A written contract or instrument which is clearly ambiguous may be explained by parol evidence." Of course, these rules are not inconsistent. In a case where, after all the rules of construction of a contract have been used, there is still a clear ambiguity, parol evidence is admissible, not to vary or to modify the written instrument, but to explain it.

The first question to be answered, then, is one of fact: Is the contract ambiguous? The trial court was correct in holding that it was not. By construing the instrument with the OPA regulations referred to in the body of the instrument, it appears that the lease called for the rental of the scraper in question at the bare monthly rental, which by OPA regulation was fixed on this type of scraper at three hundred fifty dollars per month if it was not to be used more than two hundred forty hours during the month.

The appellant's contention that the meaning of the phrase, "basis for work is an 8-hour day," should be understood to be that he was obligated to pay rental only for the time that he was able to use the scraper, cannot be reconciled with the earlier phrase, "rate to be paid each month." The only construction of the phrase, "basis for work is an 8-hour day," which would not be inconsistent with the foregoing phrase is the construction placed upon it by the respondents and the court, that is, that the contract meant that, if he exceeded the number of hours permitted in a given period, the appellant would be called upon to pay such additional rental as would be permitted by the OPA regulations.

Since we find there is no ambiguity in the contract, the oral testimony offered was inadmissible, and the court's ruling was correct. The judgment is affirmed.

BEALS, MILLARD, STEINERT, and JEFFERS, JJ., concur.